## COLLINS *vs.* BUTTS.

A party who has neither a *general* or *special property* in goods placed by him in the hands of a manufacturer for finishing, who refuses to re-deliver them on demand, cannot *set off* the value of such goods, in an action of assumpsit against him by the manufacturer, for work and labor bestowed upon other goods.

A *receiptor* to the sheriff for goods levied upon by execution would not, under such circumstances, be entitled to claim a *set off*.

Whether a party shall be considered as acting in his own right or as the agent of another, depends not upon the fact that he contracted in his own name without disclosing his agency, but upon the facts and circumstances of the case.

ERROR from the mayor's court of Hudson. Collins sued Butts in *assumpsit* for work, labor and services in the *finishing* of four bales of flannels, which he had delivered to the defendant and for which he claimed to recover $125,69. It was proved that the defendant had delivered 98 pieces in the whole to the plaintiff to finish, and the defendant claimed to set off against the demand of the plaintiff 62 of the pieces, alleging that the plaintiff had refused to return that quantity. The plaintiff resisted the set off, on the ground that the defendant was not the *owner* of the 62 pieces of flannel, and proved that the flannels were manufactured out of yarn and materials which were in a woollen factory formerly belonging to one *Underhill,* who failed in business in August, 1829, and which yarn and materials, with the exception of 100 weight of wool, belonged to Underhill before his failure. After Underhill's failure, the defendant contracted with the workman conducting the factory to manufacture the 62 pieces of flannels. The yarn and materials were afterwards levied upon by the sheriff of Columbia, by virtue of an execution against Underhill, and the defendant became the *receiptor* for the property levied upon, but not for the yarn, which was not found until the 12th *September,* when all parties interested in the property deeming it the best course to be pursued to have the stock worked up into flannels, the defendant, as the *receiptor,* agreed to take the responsibility of having them worked up

NEW-YORK,
May, 1833.

Collins
v.
Butts.

and applied on the execution. The yarn and materials were accordingly worked into the 62 pieces of flannels and taken to the plaintiff to finish, the contract for the finishing being made with the defendant *individually,* and not with him as the *agent* of Underhill. Subsequently the sheriff went with the defendant and demanded the flannels of the plaintiff, and broke open a door to find them, but did not succeed. The sheriff testified that in the attempt to retake the flannels under the execution, he acted by the directions of the defendant, whose object in endeavoring to retake the flannels was to save himself as receiptor and his expenses in manufacturing them ; that the agreement as to the working up the yarn and unfinished materials was, that the defendant was to attend to it as overseer and furnish such things as were necessary ; to be paid the expenses of manufacturing out of the avails, and the residue to be applied on the execution. The plaintiff proved that the four bales of flannels finished and delivered to the defendant were equal in quantity to the flannels owned by the defendant and to the stock furnished by him, and that the remainder of the 98 pieces of flannel were made out of the materials levied on by the sheriff; this testimony, after being given, was objected to, and the recorder decided that it was irrelevant and should be excluded, to which decision the plaintiff excepted. The recorder charged the jury that they must decide whether the defendant, in contracting with the plaintiff, acted in his own right or as the agent of another, and as the defendant did not disclose his agency, the plaintiff was responsible to him, unless he established the agency of the defendant by incontrovertible proof; that the claim of the defendant to a set off rested on an express promise of the plaintiff to finish the flannels and deliver them to him ; and as they were not delivered, the defendant had a right in his own name to recover their value, which being capable of ascertainment by mere calculation, was a proper subject of set off. He further charged, that the plaintiff might waive his lien for the finishing of the goods, and as the goods had not been delivered on demand made, and the plaintiff had denied the defendant's right to them, and claimed to keep them in his own right, he could not be permitted to protect himself un-

NEW-YORK,
May, 1833.

Collins
v.
Butts.

der the pretence that he retained them as having a lien, if the jury were satisfied that he kept them for any reason other than to secure payment for the work bestowed upon them; to which charge the plaintiff also excepted. The jury found for the defendant, and judgment was entered accordingly. The plaintiff sued out a writ of error.

*C. M. Stebbins,* for plaintiff in error.

*A. L. Jordan,* for defendant in error.

*By the Court,* SAVAGE, Ch. J. The right of the defendant to set off the value of the 62 pieces of flannels is the question before the court. In order to be entitled to a set off, he must have a demand for which an action might be sustained in his own name. From the evidence given and offered, we must assume the facts to be, that the defendant had no interest whatever in the materials from which the flannels had been manufactured; the yarn belonged to Underhill and had been levied on by the sheriff. Until a sale, the sheriff had a special property in the yarn, and Underhill had the general property. There can be no other interest in personal property. Whether the defendant was *receiptor* of the yarn is not clear from the sheriff's testimony. He says that at first he was not, but at the close of his testimony, it is stated that the defendant's object in going with the sheriff and endeavoring to retake the flannels was to save himself as receiptor and his expenses. The case of *Dillenback* v. *Jerome,* 7 *Cowen,* 294, decides that as receiptor he had no interest in the property receipted; he is a mere servant of the officer. The defendant contracted with Andrew to manufacture the flannels in question; he told Andrew that he was agent for Underhill, but Andrew looked to him personally for his pay. The defendant proposed to pay him by off-setting a balance due from Andrew to Underhill, and produced an account current, shewing a balance of $189. Andrew objected, and how he was paid, or whether he has been paid at all, does not appear from his testimony. From the testimony of the sheriff, it would seem that

the defendant acted as his agent in procuring the yarn to be worked up, but was to be reimbursed his expenses. He seems not to have disclosed his agency, if any, in his contract with the plaintiff, but contracted in his own name. He may have incurred personal responsibility for the finishing as well as manufacturing the flannels in question, and still that does not vest in him the property. The difficulty in the case which seems to me insuperable is, that the general property in the flannels is shewn to have been in Underhill, and the special property in the sheriff; and the defendant could have no legal ownership, so as to enable him to bring any action for the property in his own name. The defendant's right to prosecute did not depend on the fact that he had contracted in his own name, without disclosing an agency; whether an agency was proved, was, under the circumstances of the case, a question of law; there was nothing for the jury to decide; there was no fact in dispute; the only question was whether certain undisputed facts constituted an agency, or whether those facts shewed any property in the flannels in the defendant.

The recorder stated that the plaintiff had waived his lien for finishing, by refusing to deliver the flannels upon demand, and putting his refusal upon other grounds. The facts stated in the charge do not appear in the bill of exceptions, nor are there any facts shewn which prove a waiver of the plaintiff's lien. Had the facts appeared in the bill of exceptions stated in the charge of the court, the law was correctly pronounced. The plaintiff had no right to keep the goods to apply upon his own demand against Underhill; and had he refused to give them up to the sheriff upon the ground that he had a right to them, and did not present his lien for finishing, I think he would have waived his lien. 6 *Wendell*, 608. The ground upon which I place my opinion is, that the defendant had in himself no legal property in the flannels in question.

Judgment reversed and *venire de novo* to be awarded by the mayor's court of Hudson.