[No. 2,610.]

## JOHN KIMBALL AND EPHRAIM CUTTING *v.* THE UNION WATER COMPANY, JOHN C. SCRIBNER, AND ALONZO RHODES.

WRIT OF MANDAMUS.—The Legislature in establishing the remedy by mandamus, had in view the nature and extent of the remedy as known at the common law, and as used in other States of the Union. The writ may issue in the cases mentioned in section four hundred and sixty-seven of the Practice Act, but only when it is evident that the law has provided no other sufficient remedy.

REMEDY FOR REFUSAL TO TRANSFER STOCK.—A party entitled to stock in a private corporation has a right of action for damages against the corporation for the refusal of its officers to transfer the stock to him upon the company books, and mandamus will not lie to compel the transfer.

THE facts are stated in the opinion.

*James H. Hardy*, for Relators.

*Elisha Cook* and *H. F. Crane*, for Respondents.

By the Court, NILES, J.:

This is an original application in this Court for a mandamus to compel the respondent Scribner as President, and

the respondent Rhodes, as Secretary of the Union Water Company, a corporation, to transfer to the relators on the books of the company certain shares of stock.

The petition avers that on the 6th day of April, 1870, one Regan was the owner of fourteen shares of the stock of the company, and the holder of a certificate transferable in the usual manner by indorsement and surrender; that on the 7th of April, 1870, Regan, by one Senter, his attorney in fact, indorsed and delivered the certificate to the relators, who presented the same at the office of the company and demanded a transfer of the stock to themselves upon the books of the company; that the application was denied upon the ground that Regan was a non-resident of this State, and a bond of indemnity was demanded; that on the 26th of September, 1870, the demand was renewed, accompanied by a tender of a sufficient bond of indemnity, and was again denied; that on the twenty-seventh of September the certificate was again presented, accompanied by a bond of indemnity approved by the Judge of the District Court of that district, and a transfer of the stock demanded, and again refused.

To this petition the respondents demur, upon this ground, among others: that it appears from the petition that the relators have a plain, speedy, and adequate remedy in the ordinary course of law. If this appears upon the face of the petition, it is a fatal objection to its sufficiency. By section four hundred and sixty-seven of the Practice Act it is provided that the writ of mandamus shall issue "to any inferior tribunal, corporation, Board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use or enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, officer, Board, or person."

Section four hundred and sixty-eight provides that "this writ shall be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law."

It is clear to us that the latter section should be construed as a limitation of the powers of the Court as conferred by section four hundred and sixty-seven, and not as an enlargement of these powers.

We must presume that the Legislature, in establishing this statutory remedy, had in view the nature and extent of the remedy as known at the common law, and as used in the other States of the Union.   The adoption of the language so frequently used by Courts and law writers in defining the limits and conditions of the writ—that "it shall be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law"—makes it evident that the same limits and conditions were intended by the statute.   It may issue in the cases mentioned in section four hundred and sixty-seven, but only when it is evident that the law has provided no other sufficient remedy.

Conceding that upon the presentation of the certificate of stock, indorsed as stated in the petition, with the proffer of a sufficient bond of indemnity, it was the absolute duty of the respondents to transfer the fourteen shares of stock upon the books of the company to the relators, the question is presented whether the law affords any adequate remedy other than mandamus to the parties aggrieved.

It has been so frequently decided that a party entitled to stock in a private corporation has an action for damages against the corporation for the refusal of its officers to transfer the stock to him upon the company books, that it must be considered as a settled principle of law.  (*King* v. *Bank of England*, 2 Doug. 526; *Shipley* v. *Mechanic's Bank*, 10 John. 484; *Wilkinson* v. *Providence Bank*, 3 R. I. 22; *Ex Parte Fireman's Insurance Company*, 6 Hill, 243; *American*

*Asylum, etc.,* v. *Phœnix Bank,* 4 Conn. 172; *Sargent* v. *Franklin Insurance Company,* 8 Pick. 90.)

The relators do not deny the existence of the remedy, but claim that it is inadequate, in that it does not afford the specific redress which they seek.

In *Shipley* v. *The Mechanic's Bank, supra,* an application was made for a mandamus to compel a corporation to transfer to the petitioners certain shares of stock owned by them. The Court say: "The applicants have an adequate remedy, by a special action on the case, to recover the value of the stock, if the bank have unduly refused to transfer it. There is no need of the extraordinary remedy by mandamus in so ordinary a case. It might as well be required in every case in which trover would lie."

In *Ex Parte The Fireman's Insurance Company,* 6 Hill, 243, Mr. Justice BROWN, in rendering the opinion of the Court, said: "When a corporation improperly refuses to transfer stock, the party injured has an ample, though not a specific, remedy by action; and for that reason mandamus will not lie. As a general rule mandamus will not be awarded where the party has an adequate remedy by action." The same doctrine is announced in the other cases we have cited, and has generally met the approval of the American Courts. We think it stands upon too high authority to be disturbed.

There is nothing in the petition tending to show that the particular stock in question possessed any specific value over other stock of the corporation. The affidavit of Mr. Hardy filed with the petition avers that an acquisition of the fourteen shares claimed is necessary to enable the relators to vote them at an election of officers to be held in January, 1872, and to defeat a combination of the present officers said to be detrimental to the interests of the corporation.

We do not think that this affidavit was intended to present any issuable facts as a part of the petition, but merely

to show cause for a relaxation of the rules of the Court, and to obtain a hearing at an earlier day than those rules permitted. When this object was accomplished the affidavit was *functus officio*, and we cannot consider its averments as forming a part of the case made by the petitioners.

Mandamus denied.

Mr. Justice CROCKETT did not express an opinion.