[No. 809.]

## THE STATE OF NEVADA Ex Rel. A. B. ELLIOTT, RELATOR, *v.* BIAGGIO GUERRERO ET AL., RESPONDENTS.

MANDAMUS—WHEN NOT THE PROPER REMEDY.—Mandamus is not the proper remedy where relator has a plain, speedy and adequate remedy at law.

IDEM—MINING STOCKS.—Where relator claims that he is the owner of and entitled to certain certificates of mining stock which the trustees of a corporation refuse to issue to him: *Held*, that mandamus is not the proper remedy, as he has an adequate remedy at law by an action against the corporation for the value of the stock claimed.

IDEM—RIGHT OF THIRD PERSONS.—Mandamus ought not to be issued to compel the trustees of a corporation to issue certain certificates of stock to relator where it appears, from the petition, that the stock is also claimed by other persons not parties to the proceedings before the court.

APPLICATION for a writ of mandamus.

The facts appear in the opinion of the court.

*R. H. Taylor*, for Relator:

I. The mere fact that an action will lie does not necessarily supersede the remedy by mandamus. This is a proper case for a mandamus. (1 Comp. L., secs. 1508-9; *State of Nevada ex rel. William H. Sears* v. *W. T. Wright et al.*, 10 Nev. 175; *Fremont* v. *Crippen*, 10 Cal. 215; *McCullough* v. *The Mayor of Brooklyn*, 23 Wend. 461; *People* v. *Loucks*, 28 Cal. 71; *Marbury* v. *Madison*, 1 Cranch. 170.)

*Robert M. Clarke*, for Respondents: ·

I. Mandamus is not the proper remedy for the injury complained of. It is not a duty specially enjoined upon the respondents, by law, to issue the certificates of stock to the relator.

II. The relator has an adequate remedy at law by an action against the corporation for the value of the stock. (Civil Pr. Act, sec. 448; Angell & Ames on Corp., sec. 710; 2 Cow. 444; 10 John. 484; 10 How. 544; 1 Abb. Pr. 128; 2 Doug. 526; 3 R. I. 22; 6 Hill. 243; *Kimball* v. *Union Water Co.*, 44 Cal. 173.)

By the Court, LEONARD, J.:

This is an original application to this court for a mandamus to compel respondents, as trustees of the Roman Capitol Gold and Silver Mining Company, a corporation incorporated and existing under the laws of this state, and having its principal office at Virginia city, to cause to be issued to relator seventeen hundred and ninety shares of the capital stock of said company.

The petition avers that on the sixth day of June, 1876, one Leopoldo Pucci obtained a judgment in the first judicial district court in this state against one B. Guerrero for the sum of nine hundred and thirty-nine dollars and sixty-six cents, and ninety-two dollars and ninety-five cents costs; that execution was duly issued, and stock belonging to said Guerrero, and standing in his name on the books of said company, was duly levied upon and thereafter sold by the sheriff of Storey county to relator and his assignors; that relator is now the legal owner of all of said stock and is legally entitled to have the same issued to him; that it is the duty of respondents to cause the certificates of such stock to be issued to him in due form; that relator has demanded of respondents the issuance of the same to him, but a majority of respondents refuse to issue, or cause to be issued, said certificates of stock or any part thereof.

Answering relator's petition, the respondents deny the levy and sale by the sheriff. They further deny as follows: That at the time of the alleged levy and sale, or at the date of said judgment, the said Guerrero was the owner of said shares or certificates of stock or any part thereof, but aver that at the said several dates said stock was the property of three certain persons named; that relator is legally entitled to have any of said stock issued to him; that it is the duty of respondents to issue or cause to be issued said stock to him.

Respondents also aver that relator was never in possession of any of said shares or certificates of stock; that he never presented any of the same to the secretary of said company, or demanded that it be transferred to him on the books of the company; that at the time of the alleged levy and sale the

stock was in the possession and was the property of other persons, and was not the property of said Guerrero; that new certificates in lieu of the original certificates had been issued and delivered to other persons, without notice of the claim of relator or his assignors; that the new certificates are yet outstanding, and are claimed by other persons as their property. At the hearing upon the order of this court to respondents to show cause, certain evidence was introduced by relator, but in view of the opinion entertained by us concerning the case, it is unnecessary to review it.

We are of the opinion that mandamus is not the proper remedy, for the reason that relator has a plain, speedy and adequate remedy at law by an action against the corporation for the value of the stock claimed. (2 Cowen, 444; 10 Johns. 484; 10 How. Pr., 544; 1 Abb. Pr., 128, 2 Doug. (K. B.) 526; 3 R. I. 22; 44 Cal. 173; 40 Cal. 281; 10 Wend. 399; 4 Conn. 172; 6 Hill. 243.)

It is not claimed that these shares or certificates of stock possess any peculiar value; that is to say, any value beyond that of the same number of other shares of the company. Such being the case, the stock in question is a subject of pecuniary value only, capable of being fully compensated for in damages. (3 R. I., 22; 10 Johns., 484; *supra.*)

It is, however, argued by relator that an action against the corporation would not be an adequate remedy; that a judgment against the corporation would be, in part, against himself; that is to say, if relator is the owner of one-thirtieth of the capital stock, as claimed by him, that he would have to pay one-thirtieth of the judgment. But this conclusion does not follow. If he owns no other stock in the company, he certainly would not be subjected to the injury stated, for the reason that he would have no stock outside of this to assess, or to be affected in any other way; and as to the stock in question, if his claim is a valid one, he has a perfect remedy against the corporation for its value. If he has other stock in this company (which fact does not appear), that cannot be a foundation for giving him a rem-

edy refused to all other parties whose stock the company will not transfer. (10 How. Pr. 551; 44 Cal. 175.)

There is an additional reason why the writ should be denied. The stock demanded by relator is claimed by other parties as their property, and those persons are not before us. The present proceeding is a very imperfect mode of trying questions touching their rights. If the stock belongs to those persons, certainly respondents ought not to be required to cause it to be issued to relator, and if this court should order it to be so issued it would be an indirect recognition of relator's superior rights thereto, without the presence of such persons, and without all the facts affecting their rights before us.

Mandamus denied.