## WILLIAMS v. BAGNELLE.[*]

### Sac. No. 1005; December 20, 1902.

#### 70 Pac. 1058.

**Mandamus—Adequate Remedy.—The Writ of Mandate will not Issue** where there is a plain, speedy and adequate remedy in the ordinary course of law.

**Mandamus—Teacher's Salary.—Political Code,** title 3, article 12, section 1699, provides that any teacher whose salary is withheld may appeal to the superintendent of public instruction, who shall require the superintendent of schools to investigate the matter, and that the judgment of the superintendent of instruction shall be final, and that on receiving it the superintendent of schools, if it is in favor of the teacher, shall, if the trustees refuse to issue an order for such salary, issue his requisition in favor of such teacher. The salary of a teacher was withheld by the superintendent of schools, and she applied for a peremptory writ of mandate directing him to draw a requisition in favor of petitioner. Held, that the writ would not issue, plaintiff not having pursued the remedy under the statute, which applied to a case where the salary was withheld by such superintendent, as well as where withheld by the trustees.

**Mandamus—Teacher's Salary.—Code of Civil Procedure,** section 1085, provides that the writ of mandate may be issued to compel the performance of an official act required to be done by law. Political Code, section 1543, requires the county superintendent of schools to draw requisitions on the county auditor against the school fund of the district, and provides that no such requisition shall be drawn unless the order states the monthly salary of teacher, and names the

---

*For subsequent opinion in bank, see 138 Cal. 699, 72 Pac. 408.

months for which it is due. An order drawn by trustees in favor of a teacher was "on account of balance on yearly contract for $1,000 from ——— to ——— during the present school year. . . . . Monthly salary . . . . $———." Held, that the writ of mandate would not issue to compel the superintendent to issue a requisition for the teacher's salary, as the superintendent was not authorized to draw a requisition; the monthly salary not being mentioned in the order, nor the month for which it was due.

APPEAL from Superior Court, Madera County; M. L. Short, Judge.

Proceedings by W. L. Williams against Estelle Bagnelle, as school superintendent of Madera county, to compel defendant to draw a requisition on the county auditor in favor of plaintiff. From a judgment awarding the writ defendant appeals. Reversed.

R. R. Fowler and W. H. Larew for appellant; Francis A. Fee for respondent.

COOPER, C.—Appeal from the judgment awarding a peremptory writ of mandate against defendant, as school superintendent of Madera county, directing her to draw a requisition in favor of plaintiff upon the county auditor of said county for $111.20 in payment of balance claimed to be due plaintiff for salary as teacher in said district. The plaintiff claims that the above-named sum is due him for one month's salary as teacher in the public schools of Madera school district, under a contract with the school trustees of said district, for nine months' teaching therein. The defendant contends and claims that only eight months of school were authorized or taught in the said district, and that the plaintiff drew the full amount of his salary for said eight months.

The extraordinary writ prayed for in this case will not issue where there is a plain, speedy and adequate remedy in the ordinary course of law: Code Civ. Proc., sec. 1086; Kimball v. Union Water Co., 44 Cal. 173, 13 Am. Rep. 157; Wood v. Strother, 76 Cal. 545, 9 Am. St. Rep. 249, 18 Pac. 766. The Political Code, under the head of "Education" (title 3, article 12, section 1699), provides: "Any teacher whose salary is withheld may appeal to the superintendent of public instruction, who shall thereupon require the superintendent of schools to investigate the matter and present the facts thereof

to him. The judgment of the superintendent of public instruction shall be final; and upon receiving it, the superintendent of schools, if the judgment is in favor of the teacher, shall, in case the trustees refuse to issue an order for said withheld salary, issue his requisition in favor of said teacher.'' The salary of the plaintiff in this case was withheld, and he cannot come into court and ask for a writ of mandate without having made any attempt to pursue the plain and speedy remedy pointed out in the above section. The language is plain, and the judgment of the superintendent of public instruction is made final. The legislature intended to confer upon the state officer whose position and duties require him to familiarize himself with the common schools and the school laws of the state the power to examine the facts and pass judgment upon the question as to salary. The section does not, as contended by respondent, apply only to cases where the salary is withheld by the trustees of the district. It applies to ''any teacher whose salary is withheld.'' If it is withheld by the superintendent of schools, as in this case, the teacher may appeal to the superintendent of public instruction. If the decision is in favor of the teacher, it is the duty of the superintendent of schools to issue his requisition. Again, the writ will only issue to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station: Code Civ. Proc., sec. 1085; Crandall v. Amador Co., 20 Cal. 73. The duties of the county superintendent are provided for in Political Code, section 1543. In certain cases it is made his duty to draw requisitions upon the county auditor against the school fund of the district. In regard to requisitions for teachers' salaries it is provided: ''Nor shall any requisition for teachers' salaries be drawn unless the order shall state the monthly salary of teacher, and name the months for which such salary is due.'' The order in this case drawn by the trustees of the district in favor of plaintiff specified that it was ''on account of balance on yearly contract for $1,000 from —— to —— during the present school year, in the Madera school district. Monthly salary of teacher, $——.'' It will be readily seen that the monthly salary of the teacher is not mentioned, nor is the month for which the salary is due. The defendant cannot be compelled to draw her requisition unless the order for such requisition complies substantially with the law. In

fact, it is the duty of defendant to see that all moneys of the district are paid out only for legal claims, and in compliance with the rules and safeguards provided by statute.

We advise that the judgment be reversed and the proceeding dismissed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and the proceeding dismissed.

January 19, 1903.

Application for order granting a hearing in bank.    Granted.

PER CURIAM.—Order for hearing in bank granted.

McFARLAND, J.—I concur in the order granting a hearing in bank, because I am not prepared at present to sanction that part of the opinion which holds that the judgment of the state superintendent is final. I think, however, that clearly the appellant should have first appealed to the superintendent, and in other respects I think the opinion of the department correct.