(54 Misc. 221)

### COOLEY v. CURRAN.

(Supreme Court, Appellate Term. May 16, 1907.)

CORPORATIONS—FAILURE TO TRANSFER STOCK—RIGHT OF ACTION.

An owner of a certificate of corporate stock surrendered the same to obtain a new certificate, which was issued, signed, and sealed, and sent to the president for his signature. The president was required by the charter to countersign all stock certificates. He received the same, but refused to deliver it to the owner, though a demand was made. *Held,* that the owner complaining of the act of the president was entitled to maintain an action against the corporation, but not against the president, for a failure of the president to transfer the stock.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Elmer E. Cooley against Thomas J. Curran. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

William S. Bennett, for appellant.
Charles H. Payne, for respondent

PER CURIAM. This is an appeal from a judgment dismissing the complaint. The complaint alleges that the defendant is the president, and that one Stubbs was the secretary, of the Jura-Trias Copper Company, a corporation organized under the laws of the territory of New Mexico; that the plaintiff was the owner and holder of a regularly issued certificate of stock for 200 shares of the said company; that the plaintiff sent said certificate to the secretary to be surrendered

and to have a new certificate issued to him; that said certificate was issued, signed, and the seal of the company attached, and was sent to the defendant for his signature, and was duly received by him; that under the charter and by-laws of said company the president was required to sign or countersign all certificates of stock; that said certificate of stock was received by the defendant, and possession of the same was duly demanded by the plaintiff, and was refused,; that the par value of said certificate of stock is $1 per share; and that possession of it was duly demanded by the plaintiff, and refused.

Although the plaintiff claims that this complaint states a cause of action for conversion, yet we think it is apparent that the real injury of which the plaintiff complains is that the defendant, as president of the Jura-Trias Copper Company, has refused to transfer the shares in question. The transfer of stock in a proper case is a corporate act, and the failure of the proper officers of the company to perform their duty in this regard is an omission to perform their obligations to the corporation. When a corporation refuses to transfer stock, the person entitled to demand such a transfer has a cause of action against the corporation. 10 Cyc. 920. In discussing the case of the refusal by an officer of the corporation to transfer stock upon the demand of the person entitled to such transfer, Mr. Thompson, in his work on Corporations (volume 2, p. 1792, § 2449), says:

"It seems that he has no direct remedy against the directors or other officers of the corporation. He was not in privity with them. It is not regarded as a case of misfeasance, in which a stranger would have an action directly against the person doing him an injury, although such person may have claimed to act as the agent or servant of another; but it is rather a case of nonfeasance, in which the duty claimed flows from the corporation to the transferee of the shares, and. not from its officers or agents, the latter being responsible only to the corporation itself."

We think that these views are applicable to the questions presented for determination upon this appeal, and that the complaint was properly dismissed in the court below.

Judgment affirmed, with costs.