[S. F. No. 6404. In Bank.—October 4, 1913.]

## RUDOLPH SPANGENBERG, Respondent, v. WESTERN HEAVY HARDWARE AND IRON COMPANY (a Corporation), et al., Appellants.

CORPORATION—MANDAMUS DOES' NOT LIE TO COMPEL TRANSFER OF STOCK. The rule prevails in this state, that in the absence of some extraordinary emergency, *mandamus* will not lie to compel a transfer of corporate stock upon the books of the company, for the reason that the party seeking the transfer has an adequate remedy in the ordinary course of law. Ordinarily, a suit in equity to compel the transfer is the most appropriate remedy.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. Frank B. Ogden, Judge.

The facts are stated in the opinion of the court.

Geo. F. Witter, for Appellants.

Frank G. Little, and Welles Whitmore, for Respondent.

SHAW, J.—The appeal is from the judgment and from an order denying a new trial.

In the court below judgment was given directing that a writ of mandate issue to compel the defendants, Joseph Nesbit and Charles Nesbit, as president and secretary, respectively, of the corporation defendant, to transfer to the plaintiff upon the books of the corporation one hundred shares of its capital stock, which, it was alleged, had been purchased from the original owners by the plaintiff. The defendants demurred to the petition upon the ground that it did not state facts suffi-

cient to warrant such relief.   This demurrer was overruled, whereupon defendants answered, a trial was had, and judgment was given as above stated.

The demurrer to the petition should have been sustained. The rule in this state is that *mandamus* will not lie to compel a transfer of corporate stock.   The reason of the rule is that the party has an adequate remedy in the ordinary course of law.   Possibly there may be cases in which *mandamus* would issue because of the fact that the remedy at law .while adequate would not be speedy, but in this case no facts tending to show such a condition are set forth.   The course of decision has not been entirely uniform.   In *People ex rel. Bosqui* v. *Crockett,* 9 Cal. 112, a judgment in *mandamus* compelling such transfer was affirmed.   Objection that *mandamus* was not the proper remedy was not raised nor was the point mentioned in the opinion.   In *Kimball* v. *Union Water Co.,* 44 Cal. 173, [13 Am. Rep. 157], the question was fully considered and discussed and it was held that *mandamus* was not the proper remedy.   In that case the court seems to have assumed that the remedy by an action for damages for a conversion would be, in all cases, an adequate substitute for the writ of *mandamus.*   If this were the only remedy available to a transferee of stock, we should be inclined to hold that it was not always adequate.   It is obvious that in many cases it would not afford the precise relief which, in justice and equity, the transferee should have.   But by the great weight of authority it has been generally settled that a suit in equity is, to quote from Cook on Corporations, "the surest, most complete and most just remedy for compelling a corporation to register a transfer of stock."   (Cook on Corporations, 6th ed., sec. 39.)   This remedy, being practically a suit for the specific performance of the obligation to transfer the stock, would generally be more satisfactory than the remedy by *mandamus,* since every claimant could be made a party to the action and a complete adjustment could be made of the rights and interests of all concerned.   Such actions have been maintained in this state, *National Bank of the Pacific* v. *Western P. R. Co.,* 157 Cal. 573, [21 Ann. Cas. 1391, 27 L. R. A. (N. S.) 987, 108 Pac. 676], for example.   That case was contested on other grounds, but it was conceded by both parties that a suit in equity was the appropriate remedy.   We are of the opinion

that, unless some extraordinary emergency exists, a suit in equity to compel the transfer would be found to be the most appropriate remedy. It is doubtful, indeed, under our system of jurisprudence, whether a proceeding in *mandamus* would be any more expeditious than a suit in equity or an action for damages. An appeal will lie from one as well as from the other and the same delays are available to the defendant in *mandamus* as in ordinary actions.

The judgment and order are reversed.

Angellotti, J., Lorigan, J., Melvin, J., Henshaw, J., and Sloss, J., concurred.