[Civ. No. 970. Fourth Appellate District.—July 3, 1933.]

R. D. LACOE, Appellant, v. H. S. WOLFE et al., Respondents.

160

Hillyer & Boldman for Appellant.

Gray, Cary, Ames & Driscoll, Wright & McKee and G. M. Monroe for Respondents.

BARNARD, P. J.—On February 8, 1928, the plaintiff purchased at a trustee's sale all of the stock of a certain corporation with the exception of five qualifying shares held by the directors thereof, said stock having been transferred to the trustee to secure a debt of the corporation. On July 25, 1928, the plaintiff demanded that the stock thus acquired be transferred to his name on the books of the company, which demand was refused, although the stock was finally transferred on April 12, 1929. This is an action for damages brought against the secretary and directors of this corporation on the theory that they had entered into a conspiracy to induce and prevent the secretary from transferring the stock in question to the plaintiff. After the filing of a second amended complaint the matter came on for hearing upon the demurrer of one of the defendants and upon the motion of all the appearing defendants for judgment on the pleadings, as a result of which the demurrer was sustained without leave to amend and judgment was entered in favor of the defendants, from which judgment the plaintiff has appealed.

The only question before us is whether the amended complaint states a cause of action. This complaint, after alleging certain facts about the organization of the corporation, the amount of its stock and the acquiring of practically all of the same by the plaintiff, alleges that the plaintiff demanded of the company that the stock be transferred; that the defendants conspired to induce the company, through

its secretary, to refuse to transfer the stock for the purpose of defrauding the plaintiff as owner and holder of the stock; that in pursuance of such conspiracy the defendants directed, requested and advised the company through its defendant secretary not to make the transfer requested; that by the exercise of threats, persuasions and promises the defendants induced the company through its said secretary to refuse to make said transfer; that said company by reason thereof refused to make such transfer; that such refusal was wrongful; that as a result of such interference on the part of defendants, plaintiff was deprived of his rights as owner and holder of the stock; that said stock was worth $65,327.33 on July 25, 1928; that the market value thereof depreciated from said sum to nothing between that date and April 12, 1929; and that plaintiff was damaged in the sum of $90,327.33.

 It seems to be well settled that a person entitled to stock in a private corporation has a right of action for damages against the corporation for the refusal of its officers to transfer the stock to him upon the company books (*Kimball* v. *Union Water Co.*, 44 Cal. 173 [13 Am. Rep. 157]). It has also been held that a suit in equity is available to such a person and that, ordinarily, this is the most complete and most just remedy for compelling a corporation to register a transfer of stock (*Spangenberg* v. *Western etc. Co.*, 166 Cal. 284 [135 Pac. 1127]). A party claiming to be entitled to such a transfer has the option to compel the same through a suit in equity or to press a claim for any damages suffered. If he seeks damages his claim is against the corporation, since the act or omission complained of is the act of the corporation, done through its agent. While a corporation may be liable for such a refusal to act on the part of its secretary, if wrongful, in the absence of any statutory provision the secretary is not personally liable for such an official act (14 Cor. Jur. 766; Fletcher, Cyclopedia Corporations, sec. 3821; Thompson on Corporations, 3d ed., 6, p. 309, sec. 4438; *Nicholson* v. *Morgan*, 119 Misc. 309 [196 N. Y. Supp. 147]; *Cooley* v. *Curran*, 54 Misc. 221 [104 N. Y. Supp. 424]). While the appellant insists that the gist of his action is a conspiracy to prevent the secretary from acting, the fact that the act complained of was the act of the corporation is recognized in the many

allegations of the complaint that the transfer was requested of and refused by the "company".

At the times material hereto, the only statutory provision in this state for personal liability on the part of an officer of a corporation to the party aggrieved by the failure of such officer to transfer stock therein was section 324 of the Civil Code, which provided that such an officer, so refusing, should be liable to the party aggrieved in the sum of $400, to be recovered as liquidated damages. Not only was this the only statutory provision at the time but the provision that such an amount should be recovered as liquidated damages effectually limits the personal liability of such an officer for such a refusal to act. However, it appears that this action was not brought in time to permit a recovery under that section, and the appellant specifically disclaims any attempt or desire to recover thereunder.

Reliance is here placed entirely upon a right to recover against the secretary and the directors of the corporation on the ground of their having conspired to prevent the corporation from transferring the stock in question at the time demand was made therefor. The damage and not the conspiracy is the gist of such an action as this, and the rule is that a conspiracy will not support such an action unless something is done which, without the conspiracy, would give to the plaintiff a right of action (*Bowman* v. *Wohlke,* 166 Cal. 121 [135 Pac. 37, Ann. Cas. 1915B, 1011]). It follows that the failure of the complaint to state a cause of action as against the secretary of the corporation is not remedied by the inclusion of allegations that the directors conspired with him to bring about the result complained of.

This case seems rather to illustrate the wisdom of the general rule. Having a remedy available, the appellant chose to wait until, as he alleges, the stock in question had become worthless. A similar decline in value occurs in connection with the stock of many corporations and may well be beyond the control of any secretary thereof or even of the board of directors. In the particular complaint before us, while it is alleged that the corporation, through its secretary, refused to transfer this stock as a result of a conspiracy, and that the market value of the stock declined during the period such refusal continued, there is no allegation of any facts tending to show that the

defendants did anything or were responsible for anything which contributed to such a decline in value. Many cases may arise where a secretary is in doubt as to the rights of parties asking for transfers and where his duty to the corporation and to all concerned requires him to refuse to act at once, in order that proper steps may be taken to determine conflicting claims and to protect all parties. To subject a secretary to personal liability for thus performing his duty and to make him liable for all that may occur during the interim, whether arising from general business conditions or not, might often work a great injustice to the officer and at the same time allow a transfer claimant to profit by his own delay and his own failure to avail himself of proper and timely remedies open to him.

For the reasons given, the judgment is affirmed.

Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 31, 1933.

Preston, J., dissented.