## MALOY *v.* DUDEN and others.

(*Circuit Court, S. D. New York.* December 19, 1885.)

1. REMOVAL OF CAUSE—FOREIGN CITIZENS.

   Declaration of intention to become a citizen of the United States does not make the citizen or subject of a foreign country cease to be such, within the act of March 3, 1875, so as to prevent his removal of a suit from the state court.

2. SAME—ALIENS—FOREIGN NATURALIZATION—PROOF OF.

   The defendant's affidavit, together with an official passport certifying the naturalization of the defendant as a British citizen, *held* sufficient *prima facie* evidence that the requirements of the English statutes had been complied with.

3. SAME—TRIAL—WHEN BEGUN.

   Where a cause was called on the day calendar for trial, and objections were immediately urged by the defendants that the cause was not in readiness for trial, because the time granted to amend the answer had not expired, and a motion was pending to vacate that order, and thereupon the trial judge sent the case to another part of the court to hear the motion and objections, and suspended any further proceedings in the cause until the objections and motion were disposed of, and before the motion was heard the cause was removed into this court, *held*, that the trial had not commenced within the ruling of the supreme court in the *Removal Cases,* 100 U. S. 473, and that the cause was removed in time.

Motion to Remand.

*Jas. M. Lyddy,* for plaintiff.

*Ira L. Bamberger,* for defendant Duden.

*Frankenheimer & Rosenblatt,* for defendant Baillie.

*E. C. Jones,* of counsel for defendants.

BROWN, J. This cause, originally commenced in the supreme court of the state of New York, was removed to this court on the ground that the defendants were foreign citizens and subjects, the plaintiff being a resident of this state. A motion is now made to remand the cause.

1. The first ground on which a remand is claimed is because the defendant H. Duden, a naturalized citizen of Great Britain, some two years ago filed his declaration of intention to become a citizen of the United States. He has never applied for or obtained admission to be a citizen of this country, or his final certificate of naturalization. This point has, in substance, been directly adjudicated by Mr. Justice MILLER in the case of *Lanz* v. *Randall,* 4 Dill. 425, and overruled on the ground that the foreign citizen or subject remained such until naturalization was complete according to the laws of congress, although, by the state laws, he might vote or hold office after the mere declaration of intention to become a citizen. The passport issued by Earl Granville to this defendant, in 1880, as a British citizen, together with the defendant's affidavit, furnish sufficient *prima facie* evidence that the requirements of the English statutes of naturalization had been complied with. No renunciation of allegiance to Great Britain was required by our law (section 2165) to be made at

v.25F,no.12—43

the time of the declaration of intention to become a citizen of the United States. If such a renunciation was made at that time, it was immaterial, and so far as appears did not make the defendants cease to be citizens of Great Britain.

2. The second ground upon which the motion to remand is·urged is that the cause was removed too late, to-wit, after the trial in the state court had been commenced. The case had been noticed for trial by the plaintiff, and placed upon the equity calendar. It was called upon the call of the day calender on November 2d. The defendants, among other objections, contended that the cause was not in a condition for trial, because the time for serving an amended answer had not expired under an order obtained from one of the judges of the court granting further time for that purpose. The plaintiff, before the call of the cause on the day calendar, had given notice of a motion to vacate the order granting the ·further time to answer. Upon the statement of these facts to the trial judge, he directed the motion to vacate to be heard in another part of the court, before the judge engaged in hearing motions, and suspended further proceedings before him until that motion should be determined. On going before the motion judge the hearing was adjourned until the fourth of November; and, before the hearing of the motion was reached, the cause·was removed to this court, as above stated.

In a case otherwise within the removal act of 1875, it is the right of the defendant to remove the cause at any time "before the trial thereof." This, as construed by the courts, means before any step is taken in the actual trial of the cause, such as the impaneling of the jury. *St. Anthony, etc.,* v. *King, etc.,* 23 Minn. 186.

In *Removal Cases,* 100 U. S. 473, the court say:

"We.agree that, as a general rule, the petition must be filed in a way that it may be said to have been in law presented to the court before the trial is in good faith entered upon. There may be exceptions to this rule, but we think it clear that congress did not intend, by the expression 'before trial,' to allow a party to experiment on his case in the state court; and, if he met with unexpected difficulties, stop the proceedings, and take his suit to another tribunal. But to bar the right of removal, *it must appear that the trial had actually begun, and was in progress in the orderly course of proceeding, when the application was made.* No mere attempt of one party to get himself on the record as having begun the trial will be enough. The case must be actually on trial by the court, all parties acting in good faith, before the right of removal is gone."

In the present case, it is clear that no step in the actual trial of the cause was taken. The right to try the case at all was challenged by the defendants as soon as it was called on the day calendar. On hearing these objections all further proceedings in the cause were suspended until that preliminary question should be determined; and, in order to determine it, the cause was sent into another part of the court. As that question has not yet been determined, I think, under the rule laid down by the supreme court, it is clear that the trial had not been act-

ually begun; and that, apparently, the cause was not even in a condition to be tried. In this decision I take into consideration only the record, including the special term certificate, the affidavit, and order extending the time to answer, and the objections taken before the trial judge.

The motion to remand must be denied.