BETZOLDT *v.* AMERICAN INS. Co.

*(Circuit Court, E. D. Michigan.* September 16, 1891.)

1. CIRCUIT COURTS—JURISDICTION—ALIENAGE OF PARTY—FALSE ALLEGATION OF CITIZENSHIP—DISMISSAL.

In an action by an alien in the United States circuit court for a district of Michigan against a Missouri corporation, a false allegation that plaintiff is a citizen of Michigan will be presumed to be a mistake of the pleader, as the court would have jurisdiction in either case, and the suit will not be dismissed under Act Cong. March 3, 1875, which provides that if in any suit commenced in a circuit court it shall appear that it does not involve a dispute or controversy properly within the court's jurisdiction, or that the parties have been improperly or collusively made or joined, for the purpose of creating a case cognizable therein, the suit shall be dismissed without further proceedings.

2. FALSE ALLEGATION OF CITIZENSHIP—AMENDMENT.

Plaintiff may amend his declaration, to show that he was an alien when the action was brought, instead of a citizen, as alleged. *Conolly* v. *Taylor,* 2 Pet. 556, 565, followed.

3. JURISDICTION — DISTRICT OF DEFENDANT'S RESIDENCE — GENERAL APPEARANCE — WAIVER.

Act Cong. March 3, 1887, § 1, forbidding suit to be brought in federal courts against any person elsewhere than in the district "of which he is an inhabitant," confers a personal privilege, which is waived by general appearance and plea in bar.

At Law.

This suit was brought on a policy of insurance, and was begun in this court February 15, 1887. The declaration mistakenly states that plaintiff is a citizen of Michigan, and he sues as assignee of one Henry Bertram, whose citizenship is not stated. It now appears the plaintiff was at the commencement of suit, and still is, an alien. Service of process was had upon the defendant's agent in Michigan. Defendant is a Missouri corporation, and entered a general appearance in the cause, and pleaded the general issue, with notice of special matters of defense. The cause was once tried before Judge BROWN, when judgment of nonsuit was rendered, with leave to move to set the same aside, which was subsequently done, and the case is noticed for trial at the present (June) term. Defendant now moves to dismiss the cause for want of jurisdiction on three grounds: (1) Because the record fails to state that Henry Bertram, plaintiff's assignor, is a citizen of Michigan, and of diverse citizenship from defendant. (2) Because the declaration does not allege that all the members of the defendant corporation are citizens of Missouri, and of diverse citizenship from plaintiff; and because it appears, as matter of fact, that all the members of defendant corporation are not citizens of Missouri, but some are citizens of Michigan. (3) Because it appears that plaintiff was not at the beginning of this suit, and is not now, a citizen of Michigan, as averred in the declaration, nor was his assignor at the commencement of suit a citizen of Michigan. In support of this motion defendant has filed an affidavit showing that plaintiff, March 19, 1887, a few days after this suit was begun, declared his intention in the circuit court for the county of Wayne to become a citizen of the United States, but the records of that court fail to show his admission to citizenship; that Bertram was admitted to full citizenship January 20, 1888.

The affidavit further states, on information and belief, that some of the members of the defendant corporation are citizens of Michigan. Plaintiff asks leave to amend his declaration in accordance with the facts.

SWAN, J., (*after stating the facts as above.*)   It is argued in support of the motion to dismiss that the misdescription in the declaration of plaintiff's political *status*, the failure to allege that of his assignor, and the latter's change of citizenship pending the suit, have wholly deprived the court of jurisdiction, and that under section 5 of the act of March 3, 1875,[1] regulating the jurisdiction of United States courts, and under the authority of *Morris* v. *Gilmer*, 129 U. S. 315, 9 Sup. Ct. Rep. 289, and kindred cases, it is the duty of the court to dismiss the suit.   It is sufficient to say in reply to this position that neither of the causes for which the court is required, by the act and authority cited, to exercise the power of dismissal exists in this case.   Nor can it be said that the plaintiff has attempted any fraud upon the court by the erroneous averment that he was a citizen of Michigan.   That error is imputable solely to the misapprehension of the pleader, who drafted that declaration.   Indeed, upon the conceded facts, there could be no motive for intentional misstatement of the plaintiff's citizenship.   However the error occurred, in view of the facts, is of no moment, but it necessitates an amendment, which should correctly state the plaintiff's character.   The affidavit filed by defendant establishes both the alienage of plaintiff at the commencement of suit, and that of his assignor, Bertram.   The subsequent declaration by plaintiff of his intention to become a citizen of the United States, and the admission of Bertram, his assignor, to citizenship since this action was begun, have not divested the jurisdiction of this court, which is dependent upon the state of facts existing at the time of the commencement of suit.   Both plaintiff and Bertram were aliens until they had taken the last step to sever their allegiance to their former sovereign by admission to citizenship here.   It does not appear that this has been done by the plaintiff.   *Lanz* v. *Randall*, 4 Dill. 425; *Baird* v. *Byrne*, 3 Wall. Jr. 1; *Maloy* v. *Duden*, 25 Fed. Rep. 673.   As aliens, either had the right, under the act of March 3, 1875, to sue in this court a citizen of the state found here.   *Brooks* v. *Baily*, 20 Blatchf. 85, 9 Fed. Rep. 438.   There is nothing in the act of 1875 forbidding an alien to sue a citizen upon an assigned cause of action.   Granting, therefore, as is clear, that both plaintiff and his assignor were aliens when the suit was begun, and that until these facts are properly averred upon the rec-

---

[1] "Sec. 5. That if, in any suit commenced in a circuit court, or removed from a state court to a circuit court, of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit, or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just; but the order of said circuit court dismissing or remanding said cause to the state court shall be reviewable by the supreme court on writ of error or appeal, as the case may be."

ord the court is without jurisdiction to proceed to judgment in the cause, the inquiry now is, has the court power to grant leave to make the requisite amendment? This is not denied. Such amendments have been sanctioned by the supreme court even where the judgment below has been reversed, because the record lacked the proper jurisdictional averment. *Parker* v. *Ormsby*, 11 Sup. Ct. Rep. 912; *Everhart* v. *Huntsville College*, 120 U. S. 223, 7 Sup. Ct. Rep. 555; *King Bridge Co.* v. *Otoe Co.*, 120 U. S. 225, 7 Sup. Ct. Rep. 552; *Metcalf* v. *Watertown*, 128 U. S. 590, 9 Sup. Ct. Rep. 173; *Menard* v. *Goggan*, 121 U. S. 253, 7 Sup. Ct. Rep. 873; *Conolly* v. *Taylor*, 2 Pet. 556, 565. The facts existing at the time of the commencement of suit were sufficient, if properly pleaded, to have given the court jurisdiction. Under the circumstances, to refuse leave to make this amendment would be an abuse of discretion. In the case last above cited the exact question here mooted is decided, and the court approve the proposition, though denying its applicability in that case—

"That if an alien become a citizen pending the suit, the jurisdiction which was once vested is not divested by this circumstance. * * * Where there is no change of party, a jurisdiction depending upon the condition of the party, is governed by that condition, as it was at the commencement of the suit. * * * If an alien should sue a citizen, and should omit to state the character of the parties in the bill, though the court could not exercise its jurisdiction while this defect in the bill remained, yet it might, as is every day's practice, be corrected at any time before the hearing, and the court would not hesitate to decree in the cause."

It is said, however, that the amendment would be futile if made, because the defendant would then plead in abatement the provision of section 1 of the act of March 3, 1887, forbidding suit to be brought in United States courts against any person elsewhere than in the district "of which he is an inhabitant." As counsel have invited decision upon this point, and the trial may be expedited by its determination, it is as well to dispose of it. The argument admits of two answers: *First.* This suit was pending when the act of March 3, 1887, was passed. By the proviso of section 6 of that act, such suits are expressly excepted from its operation. *Second.* The exemption from liability to suit elsewhere than in the district of his residence is a personal privilege of the defendant, which is waived, unless pleaded in abatement. The defendant, having appeared generally, and pleaded in bar, cannot now withdraw its appearance, and plead a dilatory plea, without leave of the court. *Cooley* v. *McArthur*, 35 Fed. Rep. 373, and cases cited. It is not claimed that the amendment asked will necessitate any new defense, and, so far as at present appears, there can be no injustice in requiring any additional plea to be filed forthwith, so that the trial may proceed at the present term.

The second ground of the motion has been so frequently decided against the defendant's position that it is noticed here only that counsel may know it has not been overlooked. *Muller* v. *Dows*, 94 U. S. 444; *Steam-Ship Co.* v. *Tugman*, 106 U. S. 118, 1 Sup. Ct. Rep. 58, and cases therein referred to.

The motion to dismiss is denied, and plaintiff is granted leave to amend, by stating the citizenship of the plaintiff and his assignor, according to the facts as they existed at the commencement of the suit.