In re MOSES.

(Circuit Court, S. D. New York. December 11, 1897.)

1. ALIENS—EXCLUSION—REVIEW OF DECISION OF IMMIGRATION OFFICERS.
   Under the immigration law (28 Stat. 390, c. 301), providing that the decision of the immigration officers against the admission of an alien to the United States shall be final unless reversed on appeal by the secretary of the treasury, such decision is not reviewable by the courts, where it is shown that the person excluded is an alien, and that the decision was made in the way required by the statute.

2. SAME—FAMILY OF IMMIGRANT—DECLARATION OF INTENTION.
   An immigrant does not cease to be an alien merely by declaring his intention of becoming a citizen of the United States, so as to relieve his wife and minor children from the operation of the law governing the admission of aliens.

Petition of Marcus Moses for Writ of Habeas Corpus.

Petitioner came to this country from Roumania, of which country he was a native, and on March 23, 1897, declared his intention of becoming a citizen of the United States. Since his arrival he has resided in the city of New York. On November 23, 1897, Yette Moses, wife of the petitioner, and five of their children under ten years of age, arrived at this port by the steamship Obdam, and demanded to be permitted to land. On inspection made in accordance with the immigration laws of the United States, they did not appear to the inspecting officers to be clearly, beyond doubt, entitled to admission, and were thereupon detained for a special inquiry, as provided by section 5 of the act of March 3, 1893. Thereupon a special inquiry was held, as provided by the statute, and the officials conducting the same did not make the favorable decisions required by law to entitle them to admission, but held that two of the children were suffering from a loathsome contagious disease, and that the mother and the other three children were persons likely

to become a public charge. Thereupon all were excluded from admission into the United States, and are now detained at the barge office immigrant station pending their return to the country whence they came.

J. Brownson Ker, for the motion.

Lorenzo Ullo, opposed.

LACOMBE, Circuit Judge (after stating the facts). The act of August 18, 1894, c. 301 (28 Stat. 390), provides that:

"In every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or custom officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the secretary of the treasury."

If, therefore, the petitioner's wife and children are "aliens," this court cannot inquire into the correctness of the decision of the immigration officers. Lem Moon Sing v. U. S., 158 U. S. 540, 15 Sup. Ct. 967. In other words, the only jurisdictional facts which it is necessary for the respondent to establish in a proceeding of this character are—First, that the person seeking admission is an alien; and, second, that the immigration officers made their decision in the way in which the statute requires. It is no longer necessary for the respondent to offer proof in this court that such person is an immigrant, as was the case before the passage of the act of 1894, supra, and while the earlier acts only were in force. The decisions of this court cited on the brief (In re Martorelli, 63 Fed. 437; In re Maiola, 67 Fed. 114) were rendered under the earlier acts, and are no longer applicable.

The petitioner relies upon an exception contained in the statute which excludes persons suffering from a loathsome or contagious disease, or persons likely to become a public charge, in these words:

"But this section shall not be held to exclude persons living in the United States from sending for a relative or friend, who is not of the excluded classes," etc.

But under the act of 1894 the decision of the immigration officers that a person seeking admission is of the excluded class is not reviewable in the courts.

It is further contended that petitioner is not an alien, and that, therefore, his wife and children are not aliens. Undoubtedly the citizenship of his wife and children is the same as his own; but upon the record it does not appear that the petitioner is, as he contends, a citizen of the United States. He began as an alien,— a subject of the king of Roumania. He did not change his condition nor his allegiance by merely coming to this country nor by residing here. Nor has his declaration of intention altered the situation. He does not by that document renounce his allegiance, but merely declares that it is his intention so to do at some later day; and so long as his foreign allegiance continues he remains an alien. Lanz v. Randall, 4 Dill. 425, Fed. Cas. No. 8,080; Maloy v. Duden, 25 Fed. 673; City of Minneapolis v. Reum, 6 C. C. A. 31, 56 Fed. 576.

The writ is dismissed.