(54 Misc. 572)

### COOLEY v. CURRAN.

(Supreme Court, Appellate Term. June 6, 1907.)

CORPORATIONS—OFFICERS—PERSONAL LIABILITY FOR TORTS.

> The president of a corporation, being responsible to the corporation only for nonfeasance, is not liable personally in tort to a shareholder for refusing to countersign a certificate of stock.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1413.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Elmer E. Cooley against Thomas J. Curran. Defendant appeals from a judgment overruling his demurrer to the complaint. Reversed, demurrer sustained, and complaint dismissed.

See 104 N. Y. Supp. 424.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Charles H. Payne, for appellant.

William S. Bennett, for respondent.

GOFF, J. Plaintiff owned 300 shares of Mogollon Gold & Copper Company stock, which was surrendered to the company to be reissued in his name. The secretary issued the certificate, and attached the seal, and gave it to plaintiff to be countersigned by the president, the defendant in this action. This defendant refused to do. Plaintiff alleges that this was "for the purpose of defrauding the plaintiff out of his rights as a stockholder and preventing him from voting at a meeting of stockholders." For this refusal plaintiff brings an action in tort against the defendant personally.

Although appellant has been unable to sustain his contention with any case in point, yet it must appear to be well founded in the light of the following recognized authority:

"At the foundation of every tort must lie some violation of a legal duty, and therefore some unlawful act or omission. Whatever, or however numerous or formidable, may be the allegations of conspiracy, of malice, of oppression, of vindictive purpose, they are of no avail, unless the purpose intended or the means by which it was accomplished are shown to be unlawful." 1 Cooley on Torts, p. 156, note.

In the case at bar it has not been shown that the defendant owed any legal duty toward the plaintiff. On the contrary, in actions for the refusal to transfer stock certificates, "it seems that he has no direct remedy against the directors or other officers of the corporation. He is not in privity with them. It is not regarded as a case of misfeasance, in which a stranger would have an action directly against the person doing him an injury, although such person may have claimed to act as the agent or servant of another; but it is rather a case of nonfeasance, in which the duty claimed flows from the corporation to the transferee of the shares, and not from its officers or agents, the latter being responsible only to the corporation itself." 2 Thompson on Corporations, § 2449. See Cooley v. Curran (App. Term, April, 1097, filed May 16, 1907) 104 N. Y. Supp. 424. That the transferee has an action against the corporation is conceded. Cook on Corporations, § 389.

The judgment should be reversed, the demurrer sustained, and complaint dismissed, with costs. All concur.