# APPELLATE DIVISION

### OF THE

# SUPREME COURT

### OF THE

# State of New York.

ANNA L. S. ORVIS, Suing Individually and as Trustee for FRANKLIN WHITIN ORVIS, Respondent, *v.* LORRAINE COMPANY and HALSTEAD H. FROST, JR., Defendants, Impleaded with GEORGE C. HOWE, Appellant.

First Department, May 3, 1918.

Corporations — action by stockholder against corporation to compel transfer of stock and for tort of president — pleading — complaint stating two causes of action — president necessary party defendant.

An officer and director of a corporation is its servant or agent and responsible to it alone, and thus he is under no liability to a stockholder for mere nonfeasance.

A complaint in an action by a stockholder against a corporation and its president containing allegations to obtain equitable relief compelling a transfer of certificates of stock and enjoining any meetings of stockholders until this be done, and also money damages based upon the defendant's nonfeasance or misfeasance, *held* to state two separate causes of action growing out of the same transaction, one against the corporation in which its president is a proper defendant to compel the transfer, and the other against the president as an individual to recover damages for his alleged tort committed with malice, and for the purpose of injuring the plaintiff, which causes of action must be separately stated.

DOWLING, J., dissented.

APPEAL by the defendant, George C. Howe, from an order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on the 20th day of February, 1918, denying his motion to have the complaint made more definite and certain, or in the alternative that certain irrelevant matter be stricken out.

*Henry F. Miller* of counsel [*Robert M. Miller* with him on the brief], for the appellant.

*Charles Thaddeus Terry* of counsel [*John T. Carpenter* with him on the brief; *Merrill, Rogers & Terry,* attorneys], for the respondent.

SHEARN, J.:

The defendant Howe appeals from an order denying his motion for an order directing that the complaint be made more definite and certain, and that the statement of the facts constituting each cause of action be separately stated and numbered, and for certain alternative relief.

The complaint alleges that the defendant Lorraine Company issued two stock certificates, of which one George Orvis became the owner; that Orvis transferred the shares to trustees, and subsequently died on August 9, 1917; that the trustees assigned the shares, thirty-three to the plaintiff individually and seventeen to the plaintiff as trustee; and that the plaintiff, who sues individually and as such trustee, is the lawful owner of the certificates. The complaint further shows that said George Orvis and the defendants Howe and Frost on April 30, 1917, were the only stockholders and constituted the board of directors of said company, Howe being president and Orvis treasurer, and that Howe and Frost are now the only directors, Howe, the president, being the only officer; that on November 12, 1917, plaintiff caused the certificates to be presented to the corporation and its president and made demand for a transfer thereof to the plaintiff and the issuance of new certificates, but that the corporation and Howe refused to issue new certificates to the plaintiff; that on November 26, 1917, upon a new tender and demand, plaintiff was met with another refusal, made by the defendants Howe and Frost on the excuse that there was no secretary or treasurer of the company; that on November 30, 1917, plaintiff made a tender

to defendants and demanded that a temporary secretary and treasurer be elected to attend to such transfer, but the demand was refused; that the plaintiff has made repeated tenders and demands, has complied with every condition precedent, and since November 12, 1917, has kept open her tender, but that the defendants have not transferred the certificates or registered plaintiff as stockholder, but have unreasonably, arbitrarily and unlawfully refused, neglected and delayed so to do. The complaint further alleges that the plaintiff is the owner of one-half of the outstanding shares of stock of the corporation, but is deprived, and except upon the intervention of the court will be deprived, of the right to vote, of dividends, and of other valuable rights, and that " in consequence of the delay resulting from the unlawful refusal of said defendants to transfer said stock certificates to the plaintiff as aforesaid, the plaintiff has been damaged in a large sum of money, to wit: in the sum of Five thousand ($5,000) Dollars." Judgment is demanded (1) that the defendants be compelled to transfer said shares and issue new certificates; (2) that the defendants elect a temporary secretary and treasurer for the purpose of making such transfer; (3) " that this court determine the damages which have accrued and will accrue to the plaintiff by reason of the delay in the transfer of said fifty (50) shares of common capital stock as aforesaid, and will award damages in the sum of Five thousand Dollars ($5,000) against said defendants and in favor of the plaintiff; " (4) that defendants pay plaintiff her dividends; (5) that the defendants be enjoined from holding any stockholders' meeting until the shares are transferred; (6) " that the plaintiff recover of the defendants in addition to the damages sustained by her by reason of the delay in the transfer of said stock, the costs and disbursements of this action." The appellant contends that it thus appears that the plaintiff has made allegations to obtain, as against the defendant Howe, *first*, equitable relief to compel a transfer of certificates of stock, and to enjoin any meetings of stockholders until this is done, *second*, money damages in the sum of $5,000, the basis of which is not clearly expressed, but which is founded either (a) upon Howe's nonfeasance, or (b) upon Howe's misfeasance, which may be either (1) on the ground of conversion, or (2) for other

misconduct or tort. The respondent contends, and the learned justice at Special Term held, that the facts alleged show the violation of but one primary right and one cause of action, and that the damages are incidental to the equitable relief sought.

It is obvious that the defendant Howe is joined as a party because he is an officer and director of the defendant Lorraine Company. As such officer, Howe is the servant or agent of the corporation, and responsible to it alone. There is no privity between him and the plaintiff, and thus he is under no liability to the plaintiff for mere nonfeasance. (*Denny* v. *Manhattan Company*, 2 Den. 115; *Cooley* v. *Curran*, 54 Misc. Rep. 221, 572; Morawetz Priv. Corp. [2d ed.] § 565; Cook Corp. [7th ed.] § 389; Thomp. Corp. [2d ed.] § 4426.) It was doubtless known to the pleader that no damages could be recovered against the appellant Howe for mere nonfeasance, and the only sufficient reason why the complaint sets forth the repeated refusals, the pretext for inaction and the utter lack of any ground for refusing to comply with plaintiff's reiterated demands, which conduct is characterized as arbitrary, unreasonable and unlawful, is that the pleader intended to charge the appellant Howe with tortious misconduct and lay a basis for a claim of damages against him because of his tort. While the characterization of Howe's misconduct adds nothing to the weight of the pleading, it points out and makes clear the ground upon which plaintiff seeks a recovery of damages against him personally. It might well be inferred from the facts set forth that Howe's persistence in the refusal to effect the transfer, without any excuse, showed malice on his part and an intention to wrong the plaintiff. It will not do, as it seems to me, to hold that this prayer for damages is merely incidental to the equitable relief because, as pointed out, such damages are not recoverable against the officers of the corporation as an incident to the equitable relief, but are recoverable for the tort committed by Howe as an individual. There are two separate causes of action growing out of the same transaction, one against the corporation, in which Howe is a proper defendant to compel the transfer, and another against Howe as an individual to recover damages for his tort, committed with malice and for the purpose of injuring the plaintiff.

These causes of action should be separately stated, if for no other reason, because otherwise Howe would never have an opportunity of testing by demurrer or motion the sufficiency of the cause of action alleged against him in his individual capacity. He could not test this by demurrer or motion as the complaint now stands, for the complaint clearly states a sufficient cause of action to procure the transfer of the stock and he is a necessary party thereto. The case of *Travis* v. *Knox Terpezone Company* (165 App. Div. 156; affd., 215 N. Y. 259) is not in any respect an authority to the contrary. True, in that action, which was brought to procure a transfer of shares of stock, and in which the corporation and its president and treasurer were joined as defendants, the complaint sought a recovery for loss suffered by the plaintiff through the refusal to transfer the shares. The defendants *jointly* demurred to the complaint upon three grounds, the main one involving the question of jurisdiction. The third ground of demurrer was that two causes of action had been improperly united. The Court of Appeals considered the jurisdictional question at length and, as to the misjoinder of causes of action simply stated that the objection had been considered and found untenable. Why the objection was untenable was not stated, but is apparent. In the first place, the demurrer was joint and could not be sustained for the reason that, as against the corporation, it was entirely proper to recover damages for the refusal to make the transfer, as incidental to the equitable relief. Neither was there a misjoinder of causes of action, for both claims arose out of the same transaction, were consistent with each other and affected all the parties to the action. Whether the causes of action should be separately stated is a totally different question and depends upon whether the complaint does set forth more than one cause of action. If it be the intention of the pleader, notwithstanding the manner in which the complaint is framed and notwithstanding the demand for damages against the appellant Howe as an individual, merely to state a single cause of action for equitable relief, with incidental damages against the corporation and without any damages against Howe as an individual, it is, of course, open to the plaintiff to reframe the complaint so as to express this

intention. But as the complaint stands, it clearly attempts to set forth two causes of action. It follows, therefore, that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion of the defendant Howe, in so far as it seeks an order requiring that the statement of the facts constituting each cause of action be separately stated and numbered, be granted.

CLARKE, P. J., LAUGHLIN and SMITH, JJ., concurred; DOWLING, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent stated in opinion.