## RADIO ELECTRONIC TELEVISION CORPORATION v. BARTNIEW DISTRIBUTING CORPORATION et al.

District Court, S. D. New York.

March 19, 1940.

Seymour M. Heilbron and Wise, Shepard, Houghton & Lebett, all of New York City, for plaintiff.

Carb, Reichman & Luria, of New York City, for defendant Bartniew Distributing Corp.

CLANCY, District Judge.

The complaint here alleges that the defendant, Max W. Weintraub, owned the entire 200 shares of the capital stock of the defendant corporation, represented by two certificates, each for 100 shares, both of which were sold to the plaintiff on the 5th day of September, 1939. Some time after December 4, 1939, demand was made on the defendant corporation by the plaintiff's authorized agent to transfer the shares of stock on their books but defendants refused to transfer or permit the transfer

or to deliver a new certificate to the plaintiff or its nominees. The prayer for relief is for judgment against the defendant corporation and Rose Weintraub, president, and Max Weintraub, secretary and treasurer, that they may be ordered to transfer the shares of stock on the books of the defendant corporation and issue a new certificate upon the surrender of the two that were sold and the payment of taxes and "that said plaintiff corporation may be awarded its costs of this action and damages sustained by reason of the refusal of the defendant corporation and Rose Weintraub, President, and Max W. Weintraub, Secretary and Treasurer, to transfer the said shares of stock."

There is an allegation in the complaint that the amount involved is in excess of $3,000, exclusive of interest and costs. There is no allegation at all that the plaintiff was damaged. The defendant corporation moves to dismiss on the ground that the Court lacks jurisdiction since the action does not involve the necessary amount of $3,000.

■ The complaint is clear in showing that what the plaintiff is seeking is the transfer of the shares of stock on the defendant corporation's books. The individual defendants are not liable for any damages for the wrongful delay or refusal in making the transfer. They may be liable to the defendant company for nonfeasance but they are not liable in damages to the plaintiff. Orvis v. Lorraine Co., 183 App.Div. 1, 170 N.Y.S. 264. It is true that they are sued individually; the words indicating their alleged official capacity in the defendant corporation being in terms only descriptive and they might conceivably be liable on some theory of tort but no such action is stated or attempted to be stated in the complaint. The defendant company is not liable for the value of the stock, whatever it may be, on the allegations of the complaint. The plaintiff does not ask for and apparently does not desire its value. The whole purpose of the action is to procure the transfer of the stock on the defendant's books. When the purchaser obtained the certificate assigned by endorsement he obtained full title to it and to the shares represented by it as against this vendor. Personal Property Law, Consol. Laws, c. 41, § 162.

■ His title is alleged in the complaint and admitted by this motion so that any inference of an adverse claim that might arise from the identity of the vendor and an officer of the defendant corporation and from the fact that all the stock of the defendant corporation is involved is defeated. If there be no valid reason to refuse transfer on the books, the corporation is bound to recognize his title as if the proper book entry had been made. Robinson v. National Bank, 95 N.Y. 637. So that no damage follows necessarily from the failure to transfer alone. The vendee's rights are fully set forth in Travis v. Knox Terpezone Co., 215 N.Y. 259, 109 N.E. 250, L.R.A.1916A, 542, Ann.Cas.1917A, 387. Here there is no fact alleged from which damage to plaintiff naturally flows. If the plaintiff has suffered special damages he should have alleged it. Federal Rules of Civil Procedure, rule 9(g), 28 U.S.C.A. following section 723c.

■ We conclude, therefore, that any damage appearing from the complaint could be no more than nominal, and that the complaint must be dismissed for lack of jurisdiction. Jessup v. Chicago & N. W. Ry. Co., C.C., 188 F. 931; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. Being without jurisdiction, because of its deficiencies, we may not permit amendment. 28 U.S.C.A. § 80; Betzoldt v. American Ins. Co., C.C., 47 F. 705; and McEldowney v. Card, C.C., 193 F. 475, are not contra. In both cases the Court had jurisdiction as a fact to its own knowledge and that of all parties. Rule 15 of the Federal Rules of Civil Procedure providing for one amendment of course is subject to the necessary constriction provided by Rule 82.

Motion granted.