Bernard S. Meter, J.
This motion to sever the action against the defendants Martin Benjamin and Irving R. Ross, not being opposed, is granted. Those defendants being in default the action as to them is set for inquest, subject to the Justice presiding, on the opening day of the June 1961 Term at Trial Term, Part I, provided a copy of the order to be entered hereon with notice of entry be served on the Calendar Clerk on or before May 22, 1961. The action is continued against defendant Corporation Trust Company, but its cross motion for summary judgment is granted as to the fourth cause of action and denied as to the third and fifth causes of action.
The complaint alleges that the defendant Corporation Trust Company was the stock transfer agent of the U. S. Transistor Corp., that plaintiff was the assignee of 200 shares of stock of that corporation, that plaintiff demanded that the shares be transferred to it by the defendant, that defendant acknowledged receipt of the stock with proper authorization for transfer to plaintiff, that the stock was never transferred, that it declined in value and that, subsequently, the U. S. Transistor Corp. filed a petition under chapter 11 of the Bankruptcy Act, that the defendant, notwithstanding plaintiff’s demand for delivery and surrender of the stock, refused to deliver or surrender it to plaintiff.
Accepting the foregoing facts as true, the court nonetheless must grant the motion for summary judgment as to the fourth cause of action, seeking damages for defendant’s negligence. The general rule is that no action will lie against a stock transfer agent or officer for the wrongful or unjustified neglect or refusal to register or transfer stock at the request of the holder thereof. (Denny v. Manhattan Co., 2 Denio 115, affd. 5 Denio 639 ; Dunham v. City Trust Co. of N. Y., 115 App. Div. 584, affd. 193 N. Y. 642 ; Nicholson v. Morgan, 119 Misc. 309 ; Cooley v. Curran, 54 Misc. 221, 54 Misc. 572 ; Christy, Transfer of Stock [3d ed.], vol. 1, § 281, p. 24:7 ; 12 Fletcher’s Cyclopedia Private Corporations [1957 ed.], § 5525, pp. 578-580.)
*604 The reason for the rule is that a stock transfer agent is the agent of the corporation by which it is employed, aiid owes no affirmative duty to a stockholder. It, therefore, incurs no personal liability to him by refusing to make the transfer at his request (cf. Nicholson v. Morgan, supra, p. 314) for such refusal or neglect constitutes merely an omission of duty—or nonfeasance as distinguished from misfeasance — for which an agent is not liable to third persons. (Montgomery County Bank v. Albany City Bank, 7 N. Y. 459 ; Colvin v. Holbrook, 2 N. Y. 126.) That the principal, for whom the transfer agent acts, may be liable, is irrelevant.
The situation is different, however, with respect to the liability of a transfer agent who wrongfully withholds surrender or return of stock certificates delivered to it. In both Dunham v. City Trust Co. (supra, p. 587) and Cooley v. Curran (supra, p. 222), the courts were careful to note that the respective actions were not for conversion, and in Orvis v. Lorraine Co. (183 App. Div. 1), the court, in reviewing a complaint which sought to fix liability on an officer of the corporation for his malicious refusal to transfer stock to plaintiff, recognized, by requiring separate pleading of the action against the officer, that a corporate officer may be liable for his own wrongful conduct.
Courts in other jurisdictions have drawn the same distinction (see Ann. 22 A. L. R. 2d 12, particularly §§ 13,14). For example, in Fowler v. National City Bank of Rome (49 Ga. App. 435) the court stated (pp. 438-439): “A suit for failure or refusal to transfer stock would lie alone against the corporation. This is, however, a suit against the corporation and its officer or servant. It is for a tort committed by the officer or servant for which the corporation is also liable. A direct conversion of the stock is alleged, for which both defendants are liable. For if an agent of a corporation should wrongfully convert to hip own use stock which had been entrusted to the corporation, his principal, the corporation is liable as he is liable. The fact that the petition alleged that the stock was entrusted to the corporation in the first place for the purpose of having transfer made, and that the corporation failed to make such transfer, does not make this an action for damages for such failure to transfer, for the petition further alleges unequivocally that such failure and refusal to transfer or return is itself a conversion, and that both of the defendants had converted the stock to their own use.” Similarly, the court in Bertram v. Exchange Trust Co. (4 F. Supp. 392 [Dist. Ct. Mass.]), held a transfer agent liable for failure to deliver to the plaintiff stock in its possession as escrowee. (See, also, Radio Electronic Tel. Corp. *605 v. Bartniew Distr. Corp., 32 F. Supp. 431, 432 [Dist. Ct. So. D., N. Y.].)
The court has not overlooked the affidavit by defendant’s vice-president denying that the corporation ever acted as depositary for stock of the TJ. S. Transistor Corp. or ever had presented to it any shares for transfer to plaintiff. Such denials, however, simply raise a triable issue of fact as to the conversion actions. As to them, therefore, the motion for summary judgment must be denied.