Bernard S. Meyer, J.
Motion to dismiss the complaint as to the defendant Dun Well Service, Inc., on the ground that the facts stated in the cause of action against it are insufficient to constitute a cause of action granted.
For the purposes of this motion, the following facts are accepted as true: The plaintiff in November, 1954 purchased a gas range manufactured by R. C. A. On May 10, 1960 she was injured when the range exploded. Prior to the explosion numerous requests were made upon Dun Well Service, Inc., “ to perform repairs, maintenance and service ” upon the range as it had agreed to do under a contract with R. C. A. but Dun Well refused to perform any service or to make any repairs.
If there were an allegation that the defendant Dun Well attempted to service the range but was negligent in the performance of th.e duty it had assumed, a cause of action would exist. (Wisner v. Harmas Holding Corp., 1 A D 2d 957; Koch v. Otis Elevator Co., 10 A D 2d 464, 467.) “ Plaintiffs’ claim however is based upon a complete failure of performance of the contract obligation and not negligent performance. They seek to transform a mere breach of contract into actionable negligence which * * * may not be done even where privity of contract exists. ’ ’ (Emphasis supplied.) (Rosenbaum v. Branster Realty Corp., 276 App. Div. 167, 168.) See, also, Weisberg v. Brogan (208 Misc. 524) where, notwithstanding privity between defendant landlord and third-party defendant serviceman, a third-party complaint which alleged only a failure to perform was dismissed. In Wroblewski v. Otis Elevator Co. (9 A D 2d 294), the court in commenting on the Rosenbaum case, wrote (p. 296): “In that case it was emphasized that failure to perform a contract, and the negligent performance thereof were entirely separate and distinct propositions.”
Since R. C. A. as the contracting party could not “ transform a mere breach of contract into actionable negligence,” it follows that plaintiff, even as a third-party beneficiary of the con *613 tract, could not do so. It is to be emphasized that the complaint herein does not allege a contract between E. C. A. and Dun Well under which the latter agreed to assume E. C. A. ’s liability for damage to any person, for which reason cases such as Rigney v. New York Cent, & Hudson Riv. R. R. Co. (217 N. Y. 31) are not applicable.
It is to be emphasized also that while plaintiff’s brief sets forth facts which might bring the case within the principles of sections 352 and 354 of the Eestatement of Agency (2d) imposing upon an agent liability to a third party who has relied upon the agent’s performance of the duties he undertook to perform for his principal, the complaint does not spell out those facts. Had it done so, the court would nonetheless have granted the instant motion, for New York has consistently refused to impose liability, in the absence of a contract by the agent assuming the principal’s liability, whether the situation be one of corporate principal and stock transfer agent (Denny v. Manhattan Co., 2 Denio 115, affd. 5 Denio 639; Lenhart Altschuler Associates v. Benjamin, 28 Misc 2d 602); landlord and tenant (Cullings v. Goetz, 256 N. Y. 287; Rushes v. Ginsberg, 99 App. Div. 417, affd. 188 N. Y. 630); or municipality and water company (Moch Co. v. Rensselaer Water Co., 247 N. Y. 160). Chief Judge Cabdozo’s analysis in the Moch Co. case of the law governing such claims whether made as one for breach of contract or for common-law tort effectively disposes of the arguments advanced by plaintiff in the instant case. It may be that cases such as Woods v. Lancet (303 N. Y. 349); Bing v. Thunig (2 N Y 2d 656); and Greenberg v. Lorenz (9 N Y 2d 195), presage the relaxation of present limitations upon the liability of an agent to third persons and the ultimate adoption in New York of the Eestatement’s reliance rule. It may also be that as a matter of policy those limitations ought to be relaxed (see Prosser, Torts [2d ed.], § 85, pp. 514-517). In view of the consistent and long-adhered-to position of New York’s Court of Appeals, however, any such relaxation must come from that court, not from this.
If it be plaintiff’s intention to seek reconsideration of the problem by the Court of Appeals, her complaint should be amended, if she be so advised, to incorporate facts on which a claim of reliance can be based. For this reason, plaintiff will be granted leave to replead.