Joseph A. Suozzi, J.
Motion by the defendant Radio Corporation of America (hereafter R. C. A.) to dismiss as insufficient in law the three causes of action against it in the amended complaint. [See, also, 29 Misc 2d 611.]
The plaintiff alleges that she was injured on May 10, 1960 when a gas range manufactured by R. C. A. exploded. The range, according to the first cause of action, was purchased in *807 1954 by the plaintiff’s husband as her agent from “ a dealer in such appliances located in the Township of Huntington, County of Suffolk, State of New York.” It is further alleged in the first cause of action that B. C. A. expressly and impliedly warranted “as fit for use * * * and * * * of merchantable quality”. There are no allegations to show any privity of contract between B. C. A. and the plaintiff’s husband; nor are there any factual allegations to show the provisions of an express warranty.
As a general rule ‘ ‘ a manufacturer * 6 * of personal property is not liable to third persons under an implied warranty, who have no contractual relations with him. The reason for this rule is that privity of contract does not exist between the seller and such third persons, and unless there be privity of contract, there can be no implied warranty. The benefit of a warranty, either express or implied, does not run with a chattel on its resale ”. (Chysky v. Drake Bros. Co., 235 N. Y. 468, 472, 473.) Although recently in Greenberg v. Lorenz (9 N Y 2d 195) it was held that not merely the individual buyer but all the members of a household benefit by a warranty as to food and household goods, it has not been held that a buyer or the members of his household may sue a manufacturer with whom the buyer had no contract.
The second cause of action wherein it is alleged that B. C. A. “ as part of the inducement made to this plaintiff * * assumed the obligation of providing prompt, skilled, proper and competent maintenance and repair services ” and negligently selected Dun Well Service, Inc., as its agent when B. C. A. knew or should have known that Dun Well Service, Inc., was unwilling to perform the service, is also insufficient. Since there was no contract between B. O. A. and plaintiff’s husband, B. C. A. assumed no obligation to perform service.
As to the third cause of action, the complaint is sufficient to charge B. C. A. with negligence in the manufacture of an inherently dangerous article. It may be that the cause of the explosion was wear and tear of some part and not negligence in the design, manufacture or assembly of the stove but on this motion the court is concerned with the allegations of the pleading not the proof to sustain it. It also may be that the plaintiff was contributorily negligent in using the stove after she learned that it was not performing properly but again the court cannot determine that question from the allegations of the pleading.
Accordingly the motion is granted as to the first and second causes of action but denied as to the third cause of action against the defendant Badio Corporation of America.