William H. Robinson, Respondent, *v.* The National Bank of New Berne, Appellant.

95 637
132 256

A provision in the statute under which a corporation is organized, or in its by-laws, requiring transfers of its stock to be made upon its books, is for its benefit ; and where the owner of stock has assigned and transferred, for a valuable consideration, the certificate issued to him, and the corporation, when requested to make the transfer, without a valid reason refuses so to do, this amounts to a waiver of the requirements ; the transfer is complete and the corporation is bound to recognize the title of the assignee, precisely the same as if it had done its duty and made the proper entries upon its books.

S. being the owner of sixty-one shares of defendant's stock, which stood in his name upon its books, for a valid consideration sold the stock and assigned the certificates to H., who presented them, with the assignment, to defendant, and demanded a transfer to himself upon its books ; this was refused. H. thereafter sold and assigned the certificates to plaintiff. In an action to recover dividends declared upon the stock, it appeared that, after notice of the transfer to H., defendant caused the stock to be seized and sold under an attachment issued in an action brought by it against S. *Held*, that assuming the purchaser could be deemed a *bona fide* purchaser, as to which *quære*, it did not affect the rights of plaintiff as against defendant ; that it could not set up its own wrongful act to defeat his title ; and that he was entitled to recover.

Also *held*, that a demand of payment, or of a transfer of the stock to plaintiff before suit brought, was not necessary; that having refused to transfer to H., denied his ownership and caused the stock to be sold as the property of S., no further request or demand was necessary on his part, or that of his transferee who succeeded to his rights.

Also *held*, that plaintiff's right to maintain the action was not affected by the fact that he could bring an equitable action to compel a transfer or an action at law to recover damages' for the wrongful acts of defendant.

(Argued April 16, 1884; decided April 29, 1884.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1883, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought against defendant, a corporation organized under the National Banking Act, to recover certain

dividends alleged to have been declared and unpaid upon sixty-one shares of its stock owned by plaintiff.

Plaintiff claimed as assignee of said stock.

The National Banking Act provides (U. S. R. S., § 5193), that the capital stock of a corporation organized under it shall be " transferable on the books of the association in such manner as may be prescribed in the by-laws or articles of association."

Defendant's by-laws contain this provision : " The stock of this bank shall be assignable only on the books of this bank subject to the restrictions and provisions of the act, and a transfer book shall be kept in which all assignments and transfers of stock shall be made."

The further material facts are stated in the opinion.

*A. R. Dyett* for appellant. Plaintiff was not entitled to dividends declared prior to the assignment. (*Hogan* v. *Un. Nat. Bk.*, 63 Me. 509 ; Thompson's Nat. Bk. Cases, 523 ; *Currie* v. *White*, 45 N. Y. 822 ; *Hill* v. *Newtchawenk*, 8 Hun, 459 ; 71 N. Y. 593 ; *Boardman* v. *L. S. & M. S. R. Co.*, 84 id. 157 ; 57 id. 196, 200, 201.) When a demand is made for too much, and the defendant refuses to comply on some other and distinct ground, the demand is good. (66 N. Y. 351 ; 71 id. 353 ; 2 Abb. N. C., A. D. 517.) A demand of the dividends was necessary before suit brought. (*Hogan* v. *Union Nat. Bk.*, 63 Me. 509 ; *Scott* v. *Cent. R. R. Co.*, 52 Barb. 45–69.) A demand was necessary even if defendant would not have probably complied with a proper demand, but contested the plaintiff's right to the dividend on the trial. (*Southwick* v. *First Nat. Bk.*, 84 N. Y. 432.) The demand made by his assignor, Hope, in July, 1869, to have the sixty-one shares of stock transferred to him, Hope, on the defendant's books, did not inure to the plaintiff's benefit. (*Southwick* v. *First Nat. Bk.*, 84 N. Y. 432 ; *Ingalls* v. *Rathbun*, 7 Wend. 320.) No conversion could be predicated of the money dividends. (*Carr* v. *Thompson*, 87 N. Y. 160 ; *Butterworth* v. *Gould*, 41 id. 450 ; *Patrick* v. *Metcalfe*, 37 id. 332 ; *Hathaway* v. *Town of Homer*, 54 id. 655 ; *Decker* v. *Saltzman*, 59 id. 275 ; *Rowe*

v. *Bk. of Auburn*, 51 id. 674.) The referee erred in not deciding that the plaintiff, as assignee of the certificate only, without any transfer of the sixty-one shares on the books of the defendant, could not recover the dividends in question. (U. S. R. S., § 5139 ; *Shelton* v. *Howland*, 53 N. Y. 372, 376; *Cutting* v. *Damuel*, 23 Hun, 339; *Bk.* v. *Case*, 96 U. S. 628; Browne's Nat. Bk. Cases, 146; *Kortright* v. *Com. Bk.*, 20 Wend. 91 ; 22 id. 348; *Johnson* v. *Laflin*, 17 Alb. L. J. 146; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 80, 81 ; *Johnson* v. *Underhill*, 52 id. 209 ; *Stebbins* v. *Phœnix F. Ins. Co.*, 3 Paige, 350, 361; Laws of 1823, p. 114; *Schuyler Case*, 34 N. Y. 80 ; *McNeil* v. *Tenth Nat. Bk.*, 46 id. 332 ; *Holbrook* v. *N. J. Zinc Co.*, 57 id. 616 ; *Hughes* v. *Vermont, etc.*, 72 id. 207, 210; *Leggett* v. *Bk. Sing Sing*, 24 id. 293; *Pollock* v. *Nat. Bk.*, 7 id. 274.) The jurisdiction of the North Carolina court of the person and subject-matter and to issue the attachments under the judgments and award the execution, etc., is presumed. (8 Cow. 311, 314 ; 26 N. Y. 146, 151 ; 53 id. 597, 599 ; 42 id. 26, 30, 31 ; 65 id. 179, 183 ; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 80, 81.) The provision for surrender of certificate on transfer does not, in any event, apply to a judicial sale of the stock *in invitum*. (5 Johns. 278 ; 7 id. 531 ; 3 Abb. Ct. of App. Dec. 296 ; *Williams* v. *M. Bk.*, 5 Blatchf. 59 ; *Oxford* v. *Bunnel*, 6 Conn. ; *Cushman* v. *Thayer, M. & Co.*, 7 Daly, 380 ; 76 N. Y. 365 ; *Kortright* v. *Com. Bk.*, 20 Wend. 91 ; 22 id. 348; *Johnson* v. *Laflin*, 17 Alb. L. J. 146; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 81, 82 ; *Pollock* v. *Nat. Bk.*, 7 id. 274 ; *Burrall* v. *Bush. R. R. Co.*, 75 id. 219.) A purchaser for value of stock standing in the name of the defendant on the books of a corporation, at a sale under an attachment and execution against the defendant, without notice of any prior transfer of the stock by him, obtains a title thereto superior to that of a prior purchaser of the same stock for value in good faith by a transfer thereof from the defendant not entered upon the books of the corporation. (71 Mass. 373, 380 ; 78 id. 213 ; 3 Allen, 242 ; 42 N. H. 424, 456 ; 49 Mo. 315, 318 ; 91 Ill. 456, 465,

467; 21 Vt. 353, 362; 5 Cal. 186; 20 id. 529; 29 Conn. 245, 253; 13 id. 493, 498; 3 id. 544, 547-549; 5 Blatchf. 59; 20 Alb. L. J. 123; 71 Mass. 380; *McNeil* v. *Tenth Nat. Bk.*, 46 N. Y. 323, 334, 336.) The Bank of Raleigh was guilty of no negligence in not asking for the surrender or production of the certificate issued to John Satterlee, because the sale was not by Satterlee personally, but *in invitum*, by the sheriff, under an attachment and execution against him, and he besides was a non-resident. (*McWilliams* v. *Mason*, 31 N. Y. 294, 298, 299; 12 Hun, 97, 104, 105; *Moore* v. *Metropolitan Bk.*, 55 N. Y. 41; *Bush* v. *Lathrop*, 22 id. 535; *M. Bk.* v. *N. Y. & N. H. R. R. Co.*, 13 id. 622, 623; *N. H. R. R. Case*, 34 id. 30, 80; *Stebbins* v. *Phenix F. Ins. Co.*, 3 Paige, 350; *Union Bk.* v. *Laird*, 2 Wheat. 390; Angell on Corp. [3d ed.] 352-353; *Bk. of Utica* v. *Smalley*, 2 Cow. 770; *Gilbert* v. *Manchester Iron Co.*, 11 Wend. 627; *Borgate* v. *Shortridge*, 31 Eng. L. & Eq. 58; *Wilson* v. *Little*, 3 Comst. 447.) A stockholder transferring his stock, and delivering the certificate to another without a transfer on the books, remains the nominal owner until such a transfer is made, and holds the stock as trustee for his vendee. (52 N. Y. 203, 210, 211.)

*T. C. Cronin* for respondent. Hope was a purchaser of the stock in good faith, and the delivery of the certificate thereof, issued by the defendants to Satterlee, were valid and effectual to transfer to and vest in Hope the equitable title to the sixty-one shares. (*McNiel* v. *Tenth Nat. Bk.*, 46 N. Y. 331; *Leith* v. *Wells*, 48 id. 592; *Smith* v. *Am. Coal Co.*, 7 Lans. 31; *Coman* v. *G. F. O. Co.*, 3 Daly, 218.) At the time of Hope's demand of the defendant, that the stock be transferred to him upon its books, it had no lien upon, or claim to the stock, and cannot take advantage of its own wrong by selling and transferring the stock afterward. (*Conklin* v. *Nat. Bk. Oswego*, 45 N. Y. 656; *Bk. of South Bend* v. *Lanier*, 11 Wall. 369; *Evansville Nat. Bk.* v. *M. Nat. Bk.*, 2 Bliss, 527.) At the time that Hope made the demand, he had the right to have the stock trans-

ferred, and the refusal of defendant to permit the transfer did not impair or affect the title of Hope to the stock, or to the dividends thereafter declared, or of the plaintiff, his assignee. (*Johnson* v. *Laflin*, 17 Alb. L. J. 146; *Bullard* v. *Bk.*, 18 Wall. 589; *Black* v. *Zachrie*, 3 How. 483; *Union Bk.* v. *Laird*, 2 Wheat. 390; Thompson's Nat. Bk. Cases, 340, 331; *Cormick* v. *Richards*, 21 Alb. L. J. 118.) The judgments obtained by the defendants in North Carolina against John Satterlee did not divest his assignee, Hope, of his title to such stock, or impair or affect his right to the dividends that were declared thereon after July, 1869, and his transferee, the plaintiff in this action, can recover the same. (*Croman* v. *G. F. Oil Co.*, 3 Daly, 213; *Smith* v. *A. Coal Co.*, 7 Lans. 317; *Broadway Bk.* v. *McElrath*, 13 N. J. Eq. 24; *Sargeant* v. *F. Ins. Co.*, 8 Pick. 90.) No formal demand by the plaintiff of defendant for the payment of the dividends was necessary before suit brought. (*Carroll* v. *Cone*, 40 Barb. 220; *Walradt* v. *Maynard*, 3 id. 584; *Ayer* v. *Ayer*, 16 Pick. 327, 335; *East N. Y. & C. R. R. Co.* v. *Elmore*, 5 Hun, 214; *Delamater* v. *Miller*, 1 Cow. 76; *Everett* v. *Coffin*, 6 Wend. 693.) Plaintiff was entitled to receive all the dividends declared and due and unpaid on the stock before and after the assignment or transfer. (U. S. R. S. relating to National Bank stock sales.)

FINCH, J. The question here respects the plaintiff's right to recover dividends declared upon sixty-one shares of the capital stock of the Bank of New Berne. These shares became the property of one Satterlee, who owned fifty of them in January, 1867, and the remaining eleven in May, 1869, all of which stood in his name upon the stock ledger of the bank, whose certificates he held as owner. Previous to July, 1869, Satterlee, for a good and valuable consideration, by an instrument in writing, sold and assigned these shares to Anthony S. Hope and transferred to him the certificates. At the date last named, Hope sent to the defendant corporation, such stock certificates and their assignment to him, and demanded a transfer upon the books of the bank. The defendant refused and sent back to Hope the assignments and certificates.

We stop at this point to determine the legal rights of the parties as established by what had occurred: Hope had become the owner of the stock as against Satterlee and as against the bank. By the assignment and transfer of the certificates he had obtained the entire legal and equitable title. (*McNeil* v. *The Tenth Nat. Bk.*, 46 N. Y. 331; 7 Am. Rep. 341.). Of this fact the bank had notice, and it became its duty to make the transfer requested on the books. Its refusal was a wrong from which no right could spring. Thereafter the bank was bound to recognize Hope's title exactly as if it had done its duty and made the transfer on its books. The requirement of a registry, existing only for its own protection and convenience, must be deemed waived and non-essential when it wrongfully refuses to obey its own rule. (*Isham* v. *Buckingham*, 49 N. Y. 220; *Billings* v. *Robinson*, 94 id. 415.) In *Johnson* v. *Laflin* (17 Alb. L. J. 146), the United States Circuit Court said of a sale by transfer of the certificates, " that the transaction between Laflin and Britton was complete without registration of the transfer, and that it is equally complete as to the bank unless the bank had some valid reason for refusing to register the transfer." And such must necessarily be the rule unless the arbitrary consent or refusal of the bank is to determine the validity of a sale which it merely requires to be registered. As easily might it be said that the consent of a county clerk or register was essential to the operative force of an executed deed.

While Hope was thus absolute owner as against the bank, the latter sued Satterlee, and upon an attachment seized and sold Hope's stock, the Bank of Raleigh becoming the purchaser. It is not easy to see how that bank can be deemed a *bona fide* purchaser, or acquired any right in the property of Hope by an attachment against Satterlee; but assuming the possibility of such a result as flowing from the condition of the registry (*Fisher* v. *Essex Bk.*, 5 Gray, 380), yet it seems to us wholly immaterial what rights the Bank of Raleigh acquired, either as against the Bank of New Berne or as against Hope. No such question is here. What occurred, vested in Hope, as between him and the defendant, the entire legal and equitable

title in the shares as perfectly as if the transfer demanded had been made. The defendant corporation cannot set up its own wrongful act to defeat the title which passed. After, as well as before the sale to the Bank of Raleigh, Hope remained the owner, as between him and the Bank of New Berne, and entitled to have and receive the dividends declared upon sixty-one shares, and what the bank did, or what obligations it incurred to the Bank of Raleigh, in no respect altered its duty and liability to Hope.

The latter, thus remaining the owner of the stock as against the defendant, transferred it by delivery and assignment of the certificates to the present plaintiff. While Hope remained owner, dividends amounting to $3,599 on sixty-one shares were declared, and while plaintiff was owner further dividends amounting to $915 have accrued, and for this last amount the plaintiff has recovered judgment. A further question is raised over the sufficiency of plaintiff's demand which appears to have been for dividends amounting to $6,680, and so very much too large. The referee found upon the facts that no demand was necessary, and the General Term affirmed the conclusion. The point insisted upon is that the plaintiff was bound to demand a transfer to himself on the books of the bank, and which should be accompanied by notice of the transfer of the certificates to him. Why, when the bank had refused to transfer the stock to Hope upon its books when he demanded it, his assignee should be compelled to repeat the same process in the face of that refusal, we are unable to see. Hope would not have been bound to try again but could have sued without a new request and all his rights passed to his transferee. So that the question comes back to the necessity of a demand. The case principally relied on by the appellant is *Southwick* v. *First Nat. Bk.* (84 N. Y. 432). The case is not at all pertinent. There the defendant had "lawfully and innocently received the draft and the money paid thereon." He was not and could not be put in the wrong until he had refused restoration. The distinction was drawn in *Sharkey* v. *Mansfield* (90 N. Y. 329 ; 43 Am. Rep. 161), and the necessity of a demand denied where the receipt of the money was a conscious wrong. The party already in the

wrong would only become more so by a refusal. Here the defendant had explicitly disavowed any obligation to Hope and denied his ownership, and caused the stock to be sold as the property of Satterlee. What had occurred was a distinct denial of Hope's right to the stock or any of the dividends. After such a denial it was not needed that Hope should make a demand to put the defendant in the wrong, for it already stood, deliberately and defiantly, in that attitude. Its action was equivalent to a refusal to pay any one except its own chosen transferee, whose right alone it recognized. Hope himself and his assignee were not bound to make a demand. The refusal was already complete by the defendant's own action. It was of no concern to whom Hope assigned, for the denial of his right was a denial as to those succeeding to that right. The defendant's complaint comes to no more than this : that having once refused it ought to have a new opportunity to repent, solely because the right of action had passed to a new owner. Our conclusion does not stand upon any fancied inability of the bank to pay these dividends, or even to deliver sixty-one shares of stock, but upon the action of the defendant in totally repudiating the whole of Hope's rights.

It is further argued that plaintiff's remedy was an action in equity to compel a transfer on the books, or an action against the bank for its wrong and to recover the damages suffered. That such remedies exist does not alter plaintiff's right to pursue that which he has chosen. Each of those remedies would inevitably stand upon Hope's ownership. To compel the bank to register is to concede the validity of the transfer and found a right upon it, and damages could only be awarded to the extent of the stock and dividends on the same theory. And if, as we have said, Hope became the absolute owner as between himself and the bank, he must be awarded the right of an owner, whatever other remedies exist. The condition the defendant may find itself in we need not consider. There are always consequences of a wrong to a wrong-doer.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.