By the Court.
Ingraham, J.
Plaintiff was the owner of seven hundred shares of the capital stock of the defendant corporation, of the par value of one hundred dollars each, and defendant had issued to plaintiff, as such owner, seven certificates of one hundred shares, each of *222 which certified that plaintiff was the owner of one hundred shares of such capital stock, transferable only on the books of the company at its office in the city of New York, by the said stockholder in person, or by attorney, on surrender of the certificate. Between March 1 .and September 1, 1883, the defendant transferred the stock represented by the said certificates to several persons, received and canceled the plaintiff’s certificates, and issued new certificates to the persons to whom such stock was transferred.
Plaintiff asked judgment in this action, that it be adjudged that he is the owner of the said shares of stock; that said certificates or others of the same form and tenor may be delivered to him; and that the dividends that have been declared on said stock may be paid to him with interest. It is not claimed that the plaintiff transferred the stock in person, but defendant produced the seven certificates, and on the back of each certificate is a bill of sale of the stock mentioned in the certificates and a power of. attorney, authorizing a person named to transfer the stock on the books of the company, and which purported to be signed by the plaintiff. Plaintiff claims that the signatures to the powers of attorney were forged, and that the certificates had been stolen from his safe by one Scovil, who was in his employ, and disposed of by Scovil. The question of the genuineness of the plaintiff’s signatures to the powers of attorney was sharply litigated at the trial, and the trial judge found that the signatures to said powers of attorney, purporting to be the signatures of the plaintiff, were forgeries. We have examined the testimony on that question, and are of the opinion that such finding was abundantly sustained by the evidence.
The other question relied on at the argument, by the counsel for defendant, was that there was a defect of parties defendant, and the trial judge erred in not' adjourning the trial of the action until after the trial of another action commenced by the defendant, The Amer *223 ican Telegraph & Cable Co., in the nature of an action of interpleader, in which action plaintiff and the person to whom the stock had been transferred, the persons who were the present holders of the stock, and the persons who presented the stock to the defendant for transfer, were parties, and in which judgment was asked that plaintiff be compelled to litigate in that action his claim to the said stock, and if it be adjudged that plaintiff is the owner of the stock, that the persons in possession of the certificates issued in the place of the said shares of stock deliver the same to defendant to be canceled, or pay over the value thereof to Day or to the company.
A temporary injunction having been granted in that action, restraining Day from prosecuting this action, the plaintiff here appealed to the general term of this court, and on that appeal the injunction order was reversed by the general term, the court there holding that although the defendants in that action other than Henry Day would not be liable, unless it appeared that Day’s signatures to the powers of attorney annexed to the stock certificates were forgeries, that fact did not determine such other defendants’ liability to the corporation ; that although the signature of Day was a forgery, it did not follow that the stock in the hands of the persons to whom it had been transferred, or who were then the owners of the stock, and in possession of the certificates issued on the forged signature of Day, was void, or that such defendants were hable either to the company or to Day; that if the stock owned by Day and standing in his name on the books of the company had been transferred by the said company without his consent, he was entitled to maintain his action for the recovery of the stock, and for the dividends declared thereon; that it was perfectly immaterial to Day as to whether or not the company was hable to the persons to whom it had wrongfully issued Day’s stock ; and that Day should not be compelled to wait for the relief that the finding of the court in this case shows he was entitled to, until the company could *224 determine its liabilities to other parties with whom Day had nothing to do.
We have carefully examined the brief submitted by the learned counsel for the appellant, and see nothing therein, or in the cases cited by him, to change the views before expressed by this court. There is a clear distinction between the case of McHenry v. Hazzard (45 N. Y. 580), and like cases, and the case at bar, for in that case the plaintiff claimed that the agreement that was the foundation of the claim made against him by the several defendants, was obtained by fraud, and that he was not liable to either of them, and asked to have the instrument delivered up and canceled; and that case simply held that a court of equity had jurisdiction in such an action to order an instrument obtained by fraud to be canceled. In this case, however, Day’s title to the stock, prior to its wrongful transfer by defendant, is not questioned. On the facts as found by the trial judge, Day never was divested of his ownership of the stock; it still belongs to him, and he is entitled tó it, and the proposition that before he can obtain it he must wait until the defendant, who has committed the wrong, shall try and recover from other wrongdoers the stock or money to pay Day for the wrong it has done him, is a proposition without authority. None of the cases cited by counsel for the appellant authorize such a proceeding.
We do not decide that the action commenced by defendant cannot be sustained, but simply hold that the facts stated do not justify the court in holding that plaintiff can not recover his stock, of which he has been wrongfully deprived by the corporation, until it can be determined who, if any one, shall pay to the corporation the damages it has sustained in righting the wrong it has done to plaintiff. As was said in Robinson v. National Bank of New Berne (95 N. Y. 637), “what occurred, vested in Hope, as between him and the defendant, the entire legal and equitable title in the shares, as perfectly as if the transfer demanded had been made. The defend' *225 ant corporation cannot set up its wrongful act to defeat the title which passed. After as well as before the sale to the Bank of Raleigh, Hope remained the owner, as between him and the Bank of New Berne, and entitled to have and receive the dividends declared upon sixty shares, and what the bank did, or what obligations it incurred to the Bank of Raleigh, in no respect altered its duty and liability to Hope” ; and on page the court says, “The condition the defendant may find itself in, we need not consider. There are always consequences of a wrong to a wrongdoer. ”
We have examined the other objections to the judgment made by. the learned counsel for the appellant, and do not think that they require discussion. The judgment appealed from was right, and should be affirmed, with costs.
Freedman, J., concurred.