BUTLER et al. v. STANDARD MILK FLOUR CO. et al.

(Supreme Court, Appellate Division, First Department.  November 3, 1911.)

1. CORPORATIONS (§ 665*)—FOREIGN CORPORATIONS—INTERNAL AFFAIRS.
   State courts will not interfere with the internal affairs of a foreign corporation, by attempting to set aside an election of officers or restraining their actions.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2571, 2573; Dec. Dig. § 665.*]

2. CORPORATIONS (§ 201*)—CONTROL—INJUNCTION AGAINST VOTING STOCK.
   In pursuance of a plan to sell stock of a foreign corporation, the stockholders deposited their stock in escrow with an attorney, who drew up

the contract for the deposit. While the option of the purchaser was for only a year, the contract provided that the stock should be left in the attorney's hands for three years, and the stockholders claimed this provision was fraudulently inserted. After the prospective purchaser renounced all rights under the contract, having elected not to take the stock, the attorney, who was also a stockholder in the corporation, secured control thereof, and ousted the officials by the voting power of the stock deposited with him. *Held* that, while the court would not interfere with the election of officers, it being a foreign corporation, the attorney would be enjoined from exercising any privileges of a stockholder by virtue of the stock held by him in escrow.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 201.*]

Appeal from Special Term, New York County.

Action by Marvin F. Butler and others against the Standard Milk Flour Company and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

W. C. Prime, for appellants.
Edward S. Clinch, for respondent Robinson.
Percy L. Klock, for respondents Stowell, De Vos, and Banton.
Chas. De Hart Brower, for respondent Standard Milk Flour Co.
Joab H. Banton, for respondent Austin.

MILLER, J. Prior to April 19, 1909, the plaintiffs and the defendant Austin owned a majority of the stock of the Standard Milk Flour Company, a Maine corporation. The defendant Robinson owned 500 shares of common and 50 shares of the preferred stock of said corporation, which had been issued to him for legal services. On said date the parties entered into a contract, pursuant to which the said stockholders agreed to deposit their stock with the defendant Robinson, the same to be transferred on the books of the company and held by him, with all the powers incident to stock ownership, and the defendant Burlingame was to have the privilege, at his election, to purchase the same between April 19, 1911, and April 19, 1912, upon complying with certain conditions therein stated. The purpose of the contract was expressly stated to be:

"To place in escrow the control or majority of all the stock of the Standard Milk Flour Company of Maine for delivery to second party [said Burlingame] on his election to take same."

It is undisputed that said Burlingame has elected not to purchase the stock and has renounced his rights under said contract. It is asserted by the plaintiffs that the defendant Robinson, who drew the contract, caused a provision to be inserted, without their knowledge or consent, to the effect that, in case Burlingame failed to take the stock within the period specified, it was to be left in his (Robinson's) hands until April 19, 1914. It is also alleged that the defendant Robinson caused a meeting of stockholders to be held on May 1, 1911, and, by means of the voting power which the said contract gave him, caused the plaintiffs, who were directors of the corporation, to be

voted out of office, and substituted for them men associated with him or in his employ. It is also alleged that the defendants threaten to issue and sell treasury stock of the corporation for the purpose of securing to themselves the control thereof, and that the various acts complained of were done by the defendant Robinson, who originally was retained by the plaintiffs as counsel for the corporation, for the purpose of securing control in himself and of ousting the plaintiffs from control. The plaintiffs ask for an injunction restraining the defendant Robinson, during the pendency of the action, from exercising any of the privileges of a stockholder of the defendant corporation, whether individually or as trustee, by virtue of the shares of stock deposited with him under the terms of the agreement of April 19, 1909, and all of the defendants, other than the defendant Burlingame, from selling or otherwise disposing of or issuing treasury stock, and from acting as directors and officers of the corporation.

[1] In so far as the court was asked to interfere with the internal affairs of the Maine corporation, the motion was properly denied. It is unnecessary to cite authority for that proposition. Plainly, the courts of this state will not undertake to set aside the election of officers of a foreign corporation, nor will they restrain their action as such.

[2] We think, however, that in one respect the motion should be granted. It being the declared purpose of the agreement of April 19, 1909, to place a majority of the stock in escrow, to enable a third party at his election to purchase it prior to April 19, 1912, it is difficult to see any legitimate purpose to be served by the provision requiring the stock to remain in the hands of Robinson as trustee until April 19, 1914. The plaintiffs' charges are sharply contradicted, and are met by countercharges. We shall not undertake to decide the merits on affidavits. But it being undisputed that the declared purpose of the agreement, pursuant to which the defendant Robinson holds the plaintiffs' stock, cannot be effectuated, and it being charged that Robinson, while acting as counsel, and without the plaintiffs' knowledge, inserted the clause giving him control until April 19, 1914, we think he should be restrained during the pendency of the action from exercising any of the privileges of a stockholder by virtue of the plaintiffs' stock held by him as trustee. That will in no wise interfere with the internal affairs of the corporation. Such a restraining order will operate only against the defendant Robinson in personam. It will prevent him as an individual, during the pendency of the action, from acting under a provision of the contract, claimed to have been inserted by him in fraud of his clients' rights and without their knowledge or assent.

The order should be reversed, without costs, and the motion granted to the extent of enjoining the defendant Robinson from exercising any of the privileges of a stockholder in the defendant corporation by virtue of the shares of stock in said corporation, deposited with him by the plaintiffs, pursuant to the agreement of April 19, 1909. All concur.