FRANK H. TRAVIS, Respondent, *v.* KNOX TERPEZONE COMPANY et al., Appellants.

Corporations — right of stockholder in foreign corporation to maintain action to compel corporation to register transfer of stock and issue new certificates — jurisdiction of state courts — forms of action.

1. Rights of third parties as against a foreign corporation, whether they happen to be stockholders or not, if the rights are such as are recognized by our laws, may be enforced by our courts, unless they relate to such internal affairs of the corporation as ought to be regulated only by the courts of the state or country to which it owes its existence.

2. Where transferable shares of stock of a foreign corporation have been duly issued to a stockholder and by him assigned to another, the latter is their owner both in law and equity and all that remains to be done is to register a perfected right. If the corporation, or the officers thereof, refuse to make the transfer upon the books of the company and issue new certificates to the owner, he has a choice of remedies. He may treat the refusal to transfer the shares as a conversion and sue the corporation for their value; he may assert his ownership of the shares irrespective of the registry and sue for the dividends upon them; or he may maintain an action to compel the specific performance of the contract, expressed in the certificate, to transfer the stock upon the books of the corporation, and thereby place himself in possession of the evidence of title.

3. A foreign corporation having an office for the regular transaction of business in this state issued transferable certificates of its stock to a person who assigned them to the plaintiff, a resident of this state. The plaintiff surrendered them to the vice-president

and the duly registered transfer agent of the corporation, who acknowledged the receipt of the certificates and stated that they would be transferred as requested. Later the corporation gave notice that it "claimed some right, title and interest in or against the stock," and while retaining the certificates refused to make the transfer. The plaintiff brings this action, asking that he be adjudged to be the owner of the shares; that the corporation and its officers be directed to make the transfer and to issue new certificates, and for other relief. To this complaint the defendants demurred. *Held,* that the primary purpose of the action is to compel the transfer of stock on the books of the defendant corporation and the delivery of new certificates; that the courts of this state have jurisdiction; that the defendants are subject to our process; and that plaintiff is entitled to the aid of our courts to protect his ownership and perfect his muniments of title.

*Travis* v. *Knox Terpezone Co.,* 165 App. Div. 156, affirmed.

(Submitted May 24, 1915; decided June 8, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 18, 1914, which affirmed an order of Special Term overruling a demurrer to the complaint.

The following questions were certified: "1. Does the complaint state facts sufficient to constitute a cause of action? 2. Has the court jurisdiction of the subject-matter of the action? 3. Are two causes of action improperly united?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lewis H. Rogers* and *Henry M. V. Connelly* for appellants. The complaint does not state facts sufficient to constitute a cause of action. (*Fisher* v. *C. O. Ins. Co.,* 67 How. Pr. 191; 52 N. Y. 179; *Swart* v. *Boughton,* 35 Hun, 281; *Edson* v. *Girvan,* 29 Hun, 422; *McHenry* v. *Jewett,* 90 N. Y. 58.) The court has no jurisdiction of the subject-matter of the action. (*Miller* v. *Bannon,* 78

App. Div. 333; *Merrick* v. *Van Santvoord*, 34 N. Y. 208; *People* v. *Lawe*, 117 N. Y. 175; *People* v. *Ballard*, 134 N. Y. 269; *Hutchinson* v. *Stadler*, 85 App. Div. 424; *Miller* v. *Quincy*, 179 N. Y. 294; *Hollenburg* v. *Greene*, 66 App. Div. 590; *Ives* v. *Smith*, 19 N. Y. S. R. 563; 28 N. Y. 917; *D., L. & W. R. R. Co.* v. *N. Y., S. & W. R. R. Co.*, 12 Misc. Rep. 230; *Vanderpoel* v. *Gorman*, 140 N. Y. 563; *Mabon* v. *O. E. Co.*, 156 N. Y. 196; *Massie* v. *Watts*, 6 Cranch, 148; *Kimball* v. *St. Louis Co.*, 157 Mass. 7.)

*Robert Sharp Fletcher* for respondent. The complaint sets forth a good cause of action. (*Cushman* v. *Thayer Jewelry Mfg. Co.*, 76 N. Y. 365; *Rice* v. *Rockefeller*, 134 N. Y. 174; *Powers* v. *Universal Film Corporation*, 162 App. Div. 806; *Abbey* v. *Wheeler*, 170 N. Y. 122; *Murtha* v. *Curley*, 90 N. Y. 372; *O'Brien* v. *Kursheedt*, 79 Hun, 615; *Warner* v. *James*, 88 App. Div. 567.) Courts of New York state will take jurisdiction of the subject-matter of this action. (*Massie* v. *Watts*, 6 Cranch, 148; *Chase* v. *Knickerbocker Phosphate Co.*, 32 App. Div. 400; *Williams* v. *Gaylord*, 186 U. S. 157; *N. S. Copper Co.* v. *Field*, 64 Md. 151; *Condon* v. *M. R. Ins. Co.*, 89 Md. 99; *Guilford* v. *W. U. Tel. Co.*, 59 Minn. 332; *Grant* v. *Cananea*, 189 N. Y. 241; *Babcock* v. *S. & L. R. R. Co.*, 9 N. Y. Supp. 845; *London Bank* v. *Aronstein*, 117 Fed. Rep. 601; 187 U. S. 641; *Westminster Bank* v. *Electrical Works*, 73 N. H. 465.)

Cardozo, J. The defendant Knox Terpezone Company is a New Jersey corporation. It has an office for the regular transaction of business in New York. It issued certificates of its stock to one Knox, who assigned them to the plaintiff, a resident of this state. The certificates state that they are transferable, when surrendered, upon the books of the company. The plaintiff surrendered them to the defendant Schelling, who was the vice-

president and the duly registered transfer agent of the defendant corporation. Schelling acknowledged in writing the receipt of the certificates in behalf of the corporation, and stated in writing that they would be transferred as requested. Later the defendant corporation gave notice that it " claimed some right, title or interest in or against the stock," and, while retaining the certificates, refused to make the transfer. The defendants Rogers and Skinner, who are respectively the president and the treasurer of the corporation, joined in this refusal. Both are residents of this state. They, together with Schelling, are the sole persons authorized to sign certificates of stock. The charge is made that their refusal to make the transfer was without just cause, and that the purpose was to defraud the plaintiff of his rights. The complaint prays that the plaintiff be adjudged to be the owner of the shares, and that the corporation and its officers be directed to make the transfer and to issue new certificates; that the plaintiff recover judgment against the defendants for $1,000, the loss suffered by the plaintiff through the refusal to transfer the shares, and if the defendants have made it impossible to complete the transfer, that they be directed to pay an additional sum of money sufficient to compensate for the value of the stock; and that an election of directors at a stockholders' meeting, at which the plaintiff was prevented from voting, be declared illegal and void. To this complaint the defendants demur upon the grounds: (1) That it does not state facts sufficient to constitute a cause of action; (2) that the court has not jurisdiction of the subject of the action; and (3) that, for reasons stated in the demurrer, two causes of action have been improperly united.

The question of jurisdiction is the most important one. The defendants urge that in assuming jurisdiction of this action, the court is assuming to regulate the internal management of a foreign corporation. We think the criticism is unwarranted. The question before us at this

time is not whether the plaintiff is entitled to all the relief demanded. The question is whether he is entitled to any relief. We think it is true that the courts of this state will not annul the election of directors by the stockholders of a corporation chartered in another state (*Wason* v. *Buzzell*, 181 Mass. 338; *Butler* v. *Standard Milk Flour Co.*, 146 App. Div. 735). It is not material to inquire now to what extent the refusal to adjudicate such controversies is due to the absence of jurisdiction in the strict sense, or to the inability to make a decree effective, or to considerations of policy and discretion (*Beard* v. *Beard*, 66 Ore. 512, 517; *Kimball* v. *St. Louis, etc., Ry. Co.*, 157 Mass. 7, 8; *Wineburgh* v. *U. S. Steam, etc., Co.*, 173 Mass. 60, 61, 62; *Westminster Nat. Bank* v. *New England El. Works*, 73 N. H. 465, 476; *Smith* v. *Mutual Life Ins. Co.*, 14 Allen, 336, 343; *Ernst* v. *Rutherford & B. S. Gas Co.*, 38 App. Div. 388, 392; *Miller* v. *Quincy*, 179 N. Y. 294, 301). But the failure of that relief leaves untouched the primary purpose of this action. The primary purpose is to compel the transfer of the shares on the corporate books and the delivery of new certificates. That is relief which the courts of this state are competent to grant. It has been so held by other courts (*Westminster Nat. Bank* v. *New England El. Works, supra; Guilford* v. *Western U. T. Co.*, 59 Minn. 332; *London, P. & A. Bank* v. *Aronstein*, 117 Fed. Rep. 601, 609), and we are in accord with their ruling. The same point was also involved, though perhaps not fully considered, in *Lockwood* v. *U. S. Steel Corp.* (209 N. Y. 375). If *North State Copper & Gold Mining Co.* v. *Field* (64 Md. 151) is to the contrary, we cannot follow it. In that case, however, the excluded stockholder invoked the remedy of mandamus. To what extent control of foreign corporations may be exerted through mandamus, is perhaps an open question. It has arisen where stockholders have attempted to inspect the corporate records. On the one side is *Matter of Rappleye* (43 App. Div. 84);

on the other, *Andrews* v. *Mines Corporation* (205 Mass. 121, 123). Even against domestic corporations, mandamus is not the proper remedy to compel a transfer of shares (*Kortright* v. *Buffalo Com'l Bank*, 20 Wend. 91; *Cushman* v. *Thayer Mfg. Jewelry Co.*, 76 N. Y. 365). The plaintiff makes an appeal to a very different jurisdiction. His forum is a court of equity, and his grievance a breach of contract. We are satisfied that in such a forum and with such a grievance, he is entitled to relief.

To trace in advance the precise line of demarcation between the controversies affecting a foreign corporation in which jurisdiction will be assumed and those in which jurisdiction will be declined, would be a difficult and hazardous venture. A litigant is not, however, to be excluded because he is a stockholder, unless considerations of convenience or of efficiency or of justice point to the courts of the domicile of the corporation as the appropriate tribunals. In the words of KNOWLTON, C. J., in *Andrews* v. *Mines Corporation* (*supra*, at p. 123): "Rights of third parties, whether they happen to be stockholders or not, if the rights are such as are recognized by our laws, may be enforced by our courts, unless they relate to such internal affairs of the corporation as ought to be regulated only by the courts of the state or country to which it owes its existence." The jurisdiction now invoked is well within the limits of that principle. It is not the exercise of any power of visitation (*Madden* v. *Penn. E. L. Co.*, 181 Penn. St. 618; *Ganzer* v. *Rosenfeld*, 153 Wis. 442, 443). It is not the redress of any public wrong (*Ernst* v. *Rutherford & B. S. Gas Co.*, *supra*; *Miller* v. *Quincy*, *supra*). It is the enforcement of a contract between the corporation and its member. The shares in controversy have been issued; they have been assigned to the plaintiff; he is their owner, both in law and in equity; and all that remains to be done is to register a perfected right (*Robinson* v. *Nat. Bank of New Berne*, 95 N. Y. 637, 641). From the moment of the tender of the certificates

and the refusal to transfer them, the corporation was bound to pay dividends to the plaintiff and otherwise to recognize his rights as shareholder " as if it had done its duty and made the transfer on its books " (*Robinson* v. *Nat. Bank of New Berne, supra*). We are not dealing here with an original issue of stock. Whether any different considerations apply to such an issue, we do not now decide (*Kansas & E. R. R. Constr. Co.* v. *Topeka, S. & W. R. R. Co.*, 135 Mass. 34). We are protecting the plaintiff's ownership of shares already issued. The law gave him a choice of remedies, equitable and legal. He might treat the refusal to transfer the shares as a conversion, and sue the corporation for their value either in trover or in assumpsit (*Sargent* v. *Franklin Ins. Co.*, 8 Pick. 90; *Kortright* v. *Buffalo Commercial Bank*, 20 Wend. 91; *London, P. & A. Bank* v. *Aronstein, supra*). He might assert his ownership of the shares irrespective of the registry, and sue for dividends declared upon them (*Robinson* v. *Nat. Bank of New Berne, supra*). He might finally maintain an action to compel the specific performance of the contract expressed in the certificate, and thereby place himself in possession of the evidence of title. None of these forms of action involves in any prohibited sense a regulation of the internal management of a foreign corporation. That is just as true of the action which calls for equitable remedies as it is of the actions where the remedy is at law. In each there must be an inquiry into the ownership of the shares, and a determination of the relation between the claimant and his corporation, before the court can proceed to judgment. In each that inquiry is merely preliminary or incidental to the inquiry whether a contract has been broken, a tort committed, a right of ownership infringed. From liability for such wrongs a foreign corporation is not emancipated because it is foreign. The defendants are subject to our process; they have appropriated shares of stock which belong to a resident of our state; and he is entitled to the aid of our

courts to protect his ownership and perfect his muniments of title.

The other objections to the complaint have been considered, and have been found to be untenable.

The order should be affirmed with costs, the first and second questions should be answered in the affirmative, and the third question in the negative.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ., concur.

Order affirmed.