## JONES et al. v. OSAGE OIL & REFINING CO.

(Circuit Court of Appeals, Second Circuit. March 6, 1922.)

### No. 208.

Corporations ⊙—133—Suit to compel transfer of stock and action for conversion are alternative remedies for refusal to transfer.

Where a corporation which had assured purchasers of its stock the shares were transferable thereafter refused to transfer the stock to the puchasers, the latter had the alternative of bringing a bill in equity to compel the transfer, or bringing an action at law for the conversion of the stock, and it was not error, in a suit to compel the transfer, to refuse an amendment of the complaint whereby plaintiffs could claim damages for refusal to transfer in addition to their prayer for the transfer.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by William R. Jones and another, doing business under the firm name and style of Jones & Baker, against the Osage Oil & Refining Company. Decree for plaintiffs, and defendant appeals. Affirmed.

Samuel H. Wandell, of New York City, for appellant.

O'Brien, Boardman, Parker & Fox, of New York City (Clifford King Pullen, of New York City, of counsel), for appellees.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge. This was a suit to compel the Osage Company to transfer 3,333 shares of its stock to plaintiffs. This was half of the stock referred to in the case of Osage Oil & Refining Co. v. Alice

---

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Haller and W. R. Chandler, 280 Fed. 693, decided herewith. The evidence shows, and the District Court found, that plaintiffs had purchased these shares and paid cash for them after being told by defendant that the shares were transferable. The decree of the District Court ordered the transfer of the stock, but the court declined to allow an amendment to the complaint, so that plaintiffs could claim damages for refusal to transfer in addition to their prayer to compel defendant to transfer the stock.

The District Court was of opinion that plaintiffs had the alternative of bringing a bill in equity to compel transfer or bringing an action at law for the conversion of the stock. In this conclusion the District Court is fully sustained by authority. Travis v. Knox Terpezone Co., 215 N. Y. 259, 109 N. E. 250, L. R. A. 1916A, 542, Ann. Cas. 1917A, 387; Cook on Corporations (7th Ed.) vol. 2, § 391 et seq.; 14 C. J. §§ 1164–1166.

Decree affirmed, with costs.