CORRIE M. DOWSEY, Appellant, v. VILLAGE OF KENSINGTON and Others, Respondents.— Judgment reversed upon the law and the facts, with costs to the appellant, and judgment directed for the plaintiff, with costs. In our opinion, the zoning ordinance of the village of Kensington, in so far as it restricts the use of premises on the easterly side of Middle Neck road to residential purposes only, is unreasonable and, therefore, invalid. Inconsistent findings of fact and conclusions of law are reversed and new findings will be made in accordance herewith. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur. Settle order on notice.

JAMES K. DUFFY, Respondent, v. CREDIT DISCOUNT CORPORATION and Others, Appellants, and TROY ALEXANDER, Respondent. (Appeal No. 1.) — Order granting motion to direct issuance of supplemental summons and complaint and to consolidate actions affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

JAMES K. DUFFY, Respondent, v. CREDIT DISCOUNT CORPORATION and Others, Defendants, and BUSINESS SECURITIES CORPORATION and PERMANENT MORTGAGE CORPORATION, Appellants, and TROY ALEXANDER, Respondent. (Appeal No. 2.) — Order denying motion to vacate service of supplemental summons and complaint and to vacate order directing the issuance thereof and bringing in the appealing defendants as parties affirmed, with ten dollars costs and disbursements, with leave to said defendants to answer within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

JAMES W. DURKEE (Substituted for JAMES BUDGE WEIR), Appellant, v. PHINNEY-WALKER COMPANY, INC., Respondent.— Judgment reversed upon the law and a new trial granted, costs to appellant to abide the event. The complaint states facts sufficient to constitute a cause of action (*Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259), and upon proof of the facts alleged in the complaint plaintiff would be entitled to recover the value of the stock at the time of demand for a transfer. (*McIntyre* v. *Whitney*, 139 App. Div. 557; affd., 201 N. Y. 526; 2 Sutherland Damages, p. 2320.) Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

ROBERT H. ELDER, Respondent, v. ANTLERS GOLF AND COUNTRY CLUB, INC., Appellant.— Order denying defendant's motion to change the place of trial from Westchester county to New York county affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Hagarty and Tompkins, JJ., concur.

ALBERT FINOCCHIARO, Respondent, v. AMERICAN INSURANCE COMPANY OF NEWARK, N. J., Appellant.— Judgment and order entered August 6, 1929, in so far as appealed from, affirmed, with costs, upon the ground that the policy being a non-value policy, the representation was not material and did not deceive or mislead the insurance company, in view of the finding of the jury in favor of the plaintiff. Lazansky, P. J., Kapper, Carswell and Scudder, JJ., concur; Hagarty, J., dissents.